## 29321. HARDWICK v. GOODING.

HALL, Justice.

On May 24, 1974, at a hearing in Richmond County Superior Court on Hardwick's petition for habeas corpus, his attorney requested a continuance for lack of preparedness, which request was denied, and the hearing proceeded. Hardwick, claiming unpreparedness, put up no evidence, and the court denied the relief requested and remanded him to custody. On this appeal he enumerates as error the refusal of his request for a continuance and the denial of the relief requested in the petition.

It is true, as the county attorney argues, that the petition on which the hearing was held was identical to one filed months earlier by Hardwick, pro se, except for the designation of the respondent. At the hearing on May 24, Hardwick's attorney dismissed the earlier petition which named the head jailor of the Richmond County jail as respondent, and filed a similar petition incorporating the same allegations and substituting as respondent the warden of the Richmond County Correctional Institute in which Hardwick was then incarcerated. Therefore, if nothing else appeared, we might well be persuaded that no unfairness inhered in the superior court's moving immediately, on that same day, to hold a hearing on the new petition. However, countervailing considerations do appear and we are convinced that "the ends of justice . . . require" granting the continuance sought. See Code Ann. § 81-1419.

The record shows that the initial, pro se petition was filed in Richmond County Superior Court, yet somehow during the pendency of that petition Hardwick was transferred out of the county to the Reidsville State Prison at which location, he alleges, he was beyond the effective reach of his attorney. The record contains an order by that court dated March 14, 1974, holding the transfer to have been knowingly and unlawfully made, and ordering the warden of the Reidsville State Prison to transfer him back to Richmond County. A further order of that court, dated May 16, 1974, reflects that Hardwick had not yet been transferred back to Richmond County, and again ordered his transfer in time to appear at the scheduled hearing on May 24. Apparently he was returned to Richmond County on Monday, preceding the hearing on Friday. However, an attempt of his attorney to see him at the Richmond County Correctional Institute was thwarted when he was told by an officer there that the rules prohibited his seeing Hardwick without the warden's permission and the warden's whereabouts were unknown at that time in the evening. The attorney was turned away, and stated at the hearing that he had not yet been able to confer with his client. Following a conference which the court then permitted, the attorney stated that he needed a continuance in order to subpoena

three witnesses; that he had not anticipated a hearing on the re-filed motion on the very day he filed it; and that any delay in his and Hardwick's preparation for the hearing was occasioned not by their lack of diligence but by the unlawful transfer of Hardwick to Reidsville State Prison and the improper delay in returning him. The superior court ruled against him and allowed the hearing to proceed. Hardwick's attorney stated that for lack of time to prepare he had nothing to present. The state, for its part, introduced only a certified copy of the sentence Hardwick was serving. The hearing was then ended with the result outlined above.

In these circumstances, the actions of the various Richmond County authorities had the cumulative effect of depriving Hardwick of a realistic opportunity to prepare for the hearing, and, unless the judgment is reversed, Hardwick will be foreclosed from ever obtaining in state courts a meaningful hearing on his allegations including ineffectiveness of counsel, double jeopardy, jury discrimination, denial of arraignment, denial of sanity hearing, fraudulent indictment, and prejudicial pre-trial publicity. The superior court abused its discretion in denying the request for a continuance.

*Judgment reversed and remanded with direction. All the Justices concur.*

ARGUED OCTOBER 16, 1974 — DECIDED NOVEMBER 18, 1974 — REHEARING DENIED DECEMBER 3, 1974.

*John H. Ruffin, Jr.,* for appellant.

*Richard E. Allen, District Attorney, Richard L. Powell, Assistant District Attorney, Congdon, Williams & Daniel, Robert C. Daniel,* for appellee.