53397, 53398, 53399, 53400, 53401, 53402. SMITH v. THE STATE (six cases).

Deen, Presiding Judge.

1. The jury was authorized from the evidence to find the following:

A G. B. I. agent approached a resident and indicated that he wanted to buy marijuana. The resident took him to a store and called out the defendant. The question was put to her; she called out another girl and both got in the car

and directed the agent to a house. The second girl, a juvenile, went into the house with $10 given her by the defendant (the agent refused to pay over any money until he saw the merchandise) and returned with marijuana, which the agent accepted and for which he paid with a ten dollar bill. This evidence authorized a verdict of guilty against either or both of the girls involved. It further appears that the second girl who was called in by the defendant was or might have been working with a deputy sheriff, and that she called him before getting into the agent's automobile. Neither of these facts adds up to entrapment. "It does not constitute entrapment where a defendant approaches a police officer [or, as here, an informer] with an offer to commit a crime, if that officer then plays a role in order to provide the defendant with an opportunity to commit the intended offense." *Orkin v. State,* 236 Ga. 176, 195 (223 SE2d 61). Here, the defendant herself first approached the juvenile who directed them to the drug vendor. Nor was she entrapped by the G. B. I. agent. Entrapment under Code § 26-905, where the phrase "undue persuasion" is used in context with "deceitful means" means something more than the mere request to purchase. *Garrett v. State,* 133 Ga. App. 564, 566 (211 SE2d 584). The general grounds urging that entrapment existed as a matter of law are without merit. Nor would the exclusion of the evidence complained of in Enumerations 4 through 7 change the result. Neither the juvenile's relationship with any law enforcement officers nor the failure to lodge a complaint against her in the present case in the juvenile court establishes the entrapment defense. She was in fact present and testified on the trial of the case. That this is not sufficient evidence of "agreement" which might impugn the credibility of another party to the crime, see *Fleming v. State,* 236 Ga. 434, 438 (224 SE2d 15).

2. The state's attorney, referring to a witness in his concluding argument, said, "But the minute you start working in drug cases and so on, they not only feel free to lie about you — they create them and they preach them." While counsel may draw inferences from the evidence regarding the credibility of witnesses, he should not substitute his interpretation of the testimony for that of

the jury. *Barnum v. State,* 136 Ga. App. 469 (3) (221 SE2d 829). It is improper for the district attorney to urge his personal belief either as to the defendant's guilt or the veracity of the witnesses, although he may draw these conclusions from facts proven. *Manning v. State,* 123 Ga. App. 844 (6) (182 SE2d 690). Counsel should have been rebuked for the remark and the jury cautioned to disregard it. But not every remark of counsel, although it strains at the evidence, will justify a reversal. See *Ga. Northern R. Co. v. Hathcock,* 93 Ga. App. 72 (3) (91 SE2d 145). The credibility of certain witnesses being very much under attack throughout the trial, we doubt that this additional straw broke the back of the defense. The statement is not approved but does not in context constitute reversible error.

3. Where the defendant has been indicted, tried, and convicted, there is no basis under Georgia law for reversing the conviction because of failure to hold a commitment hearing. *State v. Middlebrooks,* 236 Ga. 52 (222 SE2d 343).

4. Following the conviction and sentence in the marijuana case the defendant pleaded guilty to and was sentenced on two accusations of theft. Defense counsel subsequently moved to set aside the guilty pleas and sentences and to disqualify the trial judge from these cases, based on the facts that the night before the verdict a deputy sheriff had threatened his life, and immediately after the sentence in the marijuana case but before the taking of pleas in the theft cases he had assaulted him in the hall. These motions contend that counsel had reported the actions to the trial court and received no support from him, that counsel was therefore justifiably fearful for his personal safety, upset, and not capable of rendering effective assistance to his client; that she did not have benefit of counsel in this broad sense when she pleaded guilty to the theft charges, and that the judge's lack of affirmative protection showed bias and prejudice on his part. The judge stated that he did not know the defendant, had no interest in the case, had not personally been present at the altercation between counsel and the police officer, and refused to recuse himself. At a subsequent hearing entitled a hearing on the motion to withdraw the

pleas of guilty counsel desired to swear the trial judge, apparently for the purpose of establishing that the judge had been aware of the assault on himself and had taken no action in the matter. The court refused to give testimony, and stated that while threats were reported to him he himself heard none. The general rule is that a judge should not be called as a witness in a case in which he is presiding. 81 AmJur2d 146, Witnesses, § 101. A judge "cannot be sworn before himself." *Baker v. Thompson & Scott,* 89 Ga. 486 (3) (15 SE 644). Assuming as true all the admissions which counsel desired to obtain as to facts within the personal knowledge of the judge, it would still be within his discretion whether to disqualify himself, and the question does not arise until it is determined whether the court abused his discretion, first in hearing and secondly in refusing to set aside the guilty pleas in the theft cases on motions filed some three weeks after the acceptance of the pleas and pronouncement of sentence. A strong prima facie case must be made after sentence has actually been imposed. "The withdrawal of a plea of guilty, after sentence is pronounced, is a matter addressed to the sound, legal discretion of the trial judge." *Griffin v. State,* 12 Ga. App. 615 (4) (77 SE 1080); *Calloway v. State,* 115 Ga. App. 158 (3) (154 SE2d 291). There is a presumption in favor of the validity of the sentence upon such a plea, particularly where the record shows that the defendant has in writing answered questions showing his understanding of the charge, the sentence, and the voluntariness of his consent. *Anglin v. Caldwell,* 227 Ga. 584 (182 SE2d 120). Such a showing by the defendant is in the record here as of the time the pleas were accepted, and while counsel contends that the court was biased and prejudiced against *him,* there is no affirmative showing that the defendant herself now disavows the written answers to questions of accuracy and voluntariness given at the time she entered the plea.

As we understand the position of counsel throughout this case, it has been an attempt to show that the juvenile companion of Helen Smith was a decoy acting for the sheriff's office; that she used Smith in an attempt to incriminate the ultimate drug purchaser, who, however, turned out to be a G. B. I. agent, and that the defendant

was then in effect framed. Both the agent and the juvenile have testified in this case contrary to this position. The testimony of another proposed witness, if procured, would only have been that she saw the juvenile with the deputy sheriff, a fact admitted by the juvenile on the trial, at least so far as communication between them prior to the arrest is concerned. Counsel further felt that his method of trying the case had aroused the ire of the trial judge and was the cause of the refusal to allow withdrawal of the guilty pleas. We have ruled that the trial judge did not err in refusing to testify at a hearing over which he was presiding, and we must further rule that in the face of the conflicting evidence no abuse of legal discretion is shown. But, as Judge Bleckley observed (*Wilson v. Sullivan,* 81 Ga. 238, 244 (7 SE 274)): "Courts are the conscience of the State." It is in fact the duty of a judge jealously to guard the rights of defendants, and to be alert to protect them when they are overreached. We cannot say from the record before us that this discretion was abused, for we cannot presume that a conspiracy existed to frame the defendant or that the court condoned it. As to the guilty pleas, the enumerations of error contend that the court denied the appellant due process of law by failing to act when he realized the deputy sheriff had threatened counsel and actually inflicted bodily harm on him, and that he should either have disqualified himself or have granted the motion to withdraw the pleas. Such action by an officer of court is indefensible and certainly subject to disciplinary action; it does not necessarily demand a finding that there was a failure of due process.

*Judgments affirmed. Webb and Marshall, JJ., concur.*

ARGUED FEBRUARY 15, 1977 — DECIDED FEBRUARY 24, 1977 — REHEARING DENIED MARCH 9, 1977 —

*E. Kontz Bennett, Jr., Millard Farmer,* for appellant. *Dewey Hayes, District Attorney,* for appellee.