## 32340. SMITH v. THE STATE.

PER CURIAM.

A Bacon Superior Court jury convicted the defendant of selling marijuana. She was sentenced to two years in prison followed by one year on probation. After being found guilty and sentenced, she pleaded guilty that same day to two charges of theft by taking and was sentenced to concurrent terms not exceeding the sentences imposed in the marijuana case. On appeal, the Court of Appeals affirmed. *Smith v. State,* 141 Ga. App. 529 (233 SE2d 841) (1977). We granted certiorari to review issues of entrapment, continuance and disqualification of the trial judge.

The evidence before the jury in the marijuana trial was as follows: An undercover GBI agent approached the

defendant, Helen Smith, and indicated that he wanted to buy marijuana. The defendant told another girl, a juvenile. The two females attempted without success to call a deputy sheriff. The two females got into the GBI agent's car and directed him to a house. The agent refused to pay any money until he saw the merchandise. The defendant put up $10. The juvenile went into the house with the defendant's $10 and returned with marijuana, which the agent accepted and for which he paid.

Defense counsel attempted to show that the juvenile companion of the defendant was a decoy acting for a deputy in the sheriff's office, that the juvenile used the defendant in an attempt to incriminate the drug purchaser, who, it turned out, was an undercover GBI agent, and that the defendant, although she had been entrapped into cooperating with the juvenile, was then framed.[1]

---

[1] The juvenile testified that on the date in question she was working with the deputy. The deputy testified as follows:

"Q. Do you know whether or not . . . [the juvenile] tried to call you earlier that night?

A. I believe she did.

Q. Has she been working with you in drug cases?

A. I'm not at liberty to say that . . .

Q. How long prior to February 10th had you been working with . . . [the juvenile]?

District Attorney: We object to it as being immaterial.

The Court: I don't think it is.

Defense Counsel: Is the Court ruling that I cannot go into any alleged relationship between . . . [the deputy and the juvenile]?

The Court: Anything pertaining to the issue here involved you can go into. . .

Defense Counsel: Is the court ruling that I cannot —

The Court: What was the question?

Defense Counsel: The question was whether or not — how long he had been working with . . . [the juvenile] in drug cases.

The correctness of this ruling apparently is now conceded as the defendant has not enumerated it as error.

On the evening of the second day of the trial and while the jury was deliberating, the deputy cursed and

---

District Attorney: We object to it as being immaterial. It has nothing to do with this case. It has nothing to do with this case whether he did or didn't.

The Court: I sustain that . . .

Q. Have you had occasion to be alone with . . . [the juvenile] prior to this night, late at night, or at night?

A. Yes, sir, I have.

Q. On how many different occasions?

A. I really don't recall. I imagine around three or four.

Q. Three or four?

A. Yes.

Q. And some of these occasions in the park here —

District Attorney: Now, we object. This has nothing to do with this case one way or the other.

The Court: Does this have anything to do with this case?

Defense Counsel: Yes, sir.

The Court: What?

Defense Counsel: To illustrate what relationship he had with . . . [the juvenile] to show why . . . [she] has not been prosecuted for these charges, to show whether or not he really took these charges seriously. It's something I can argue to the jury, may it please the Court. That's why I'm asking the question.

District Attorney: He called the witness on the stand and he's trying to impeach his own witness.

Defense Counsel: Your Honor, I'm not trying to impeach the witness. I'm just trying to get the truth before the jury.

The Court: All right, any question pertaining to this case you can ask.

Q. Did you ever have sexual intercourse with . . . [the juvenile]?

A. No sir, I did not.

District Attorney: Now, your Honor, I think we ought to get a recess now, because if we have an officer to come

threatened defense counsel and warned him that he either leave the county or be beaten. This threat was communicated to the trial judge who, insofar as is shown by the record, took no remedial action. The following day, the deputy, in the courthouse and in the presence of the sheriff, cursed and threatened defense counsel. The sheriff told his deputy to wait until court was over but the deputy struck defense counsel. The trial judge was informed, but he said that he understood the deputy's feelings. Defense counsel moved for continuance (postponement) as to the two theft by taking charges based on his inability to proceed. The motion was denied and the defendant pleaded guilty on advice of counsel. Subsequent motions to withdraw the guilty pleas based on denial of the effective assistance of counsel and to have the trial judge disqualify himself were overruled.

1. The evidence does not require a finding that the defendant was induced to participate in and thereby commit the crime by the undue persuasion, incitement or deceitful means of government agents. Code § 26-905. Thus, a finding of entrapment is not required as a matter of law.

The jury was instructed as to the defense of entrapment and there is evidence to support their verdict finding the defendant guilty. The fact that a government informer furnished the contraband to a defendant does not constitute entrapment. Hampton v. United States, 425 U. S. 484 (96 SC 1646, 48 LE2d 113) (1976). The defendant relies on United States v. Bueno, 447 F2d 903 (5th Cir. 1971). A majority of the Supreme Court refused to adopt Bueno in Hampton v. United States, supra. The defendant's marijuana conviction is affirmed.

2. Where a deputy sheriff threatens and beats an

into court and be exposed to this kind of thing — it's highly improper and unethical and has nothing in the world to do with the case.

Defense Counsel: Your Honor, I'm prepared to call a witness —

District Attorney: It has no bearing on the case one way or the other. It has nothing to do with the case.

The court: I sustain that objection."

attorney representing a defendant in a criminal case, and the attorney moves for postponement and states that due to the beating he is unable to represent his client on that day, the "ends of justice" require that the motion be granted. *Hardwick v. Gooding,* 233 Ga. 322 (210 SE2d 794) (1974); Code Ann. § 81-1419. It was error to overrule the motion for postponement, to accept the pleas of guilty thereafter, and to overrule the motion to set aside the guilty pleas.

It is the duty of the trial judge to prevent physical attacks upon the defendant in a criminal case. This duty extends to protecting counsel for the defendant. Where the trial judge is notified that defense counsel has been threatened and fails to perform this fundamental duty and shows that his sympathies are with the attackers, he is disqualified from presiding in the case. *Savage v. Savage,* 234 Ga. 853, 856 (218 SE2d 568) (1975); Georgia Code of Judicial Conduct, Canon 3C (1), 231 Ga. A-5 (1974). Defendant's guilty pleas to the theft by taking charges and the sentences thereon are vacated.

*Judgment affirmed in part and reversed in part. All the Justices concur, except Nichols, C. J., and Hill, J., who dissent from Division 1, and Marshall, J., who is disqualified.*

ARGUED JULY 11, 1977 — DECIDED SEPTEMBER 7, 1977.

*E. Kontz Bennett, Jr.,* for appellant.
*Dewey Hayes, District Attorney,* for appellee.
*Arthur K. Bolton, Attorney General, B. Dean Grindle, Jr., Assistant Attorney General,* amicus curiae.

HILL, Justice, dissenting in part.

Although I concur in Division 2 of the per curiam opinion, I dissent from Division 1.

The uncontradicted evidence shows that the juvenile was an informer for the state. An undercover GBI agent initiated the marijuana purchase, the defendant contacted the juvenile and the two of them tried to contact the deputy, the agent provided the transportation, the deputy's informant took money furnished by the defendant and bought marijuana for the agent, and

although the defendant got neither marijuana nor profit she was convicted and sentenced to two years in prison for selling marijuana.

I am not convinced that the defendant "sold" marijuana. If anything, she was "buying" marijuana rather than "selling" it. However, I am convinced that if the defendant can be convicted of "selling" marijuana, her conduct was solicited by a government employee, the idea of the commission of the crime originated with that government employee, and the defendant would not have committed the act except for the conduct of the government employee and the informer. See Code § 26-905.

It is not the function of law enforcement officers to manufacture crimes. See Sherman v. United States, 356 U. S. 369, 372 (78 SC 819, 2 LE2d 848) (1958). In my view, law enforcement officers and agents manufactured this "sale," if it be a sale by this defendant, and I would set the conviction aside.