No. 16.—EDWARD H. TEDLIE, WILLIAM P. TEDLIE, and JESSE B. TEDLIE, plaintiffs in error. *vs.* JOHN DILL, defendant in error.

[1.] The Act of 1820, to regulate the mode of prosecuting actions against contractors and co-partners, applies as well to joint and several contractors as to joint contractors only, provided they are sued together in the same action.

[2.] Under the Judiciary of 1799, the plaintiff is not required to produce evidence to explain any alteration in the instrument sued on, where it is declared upon *as altered;* unless the same is denied by the defendant on oath, in his answer.

Assumpsit. From Baker Superior Court. Tried before Judge WARREN, in December, 1846.

Tedlie *vs.* Dill.

For the facts of the case, and the error assigned, see the decision of the Supreme Court.

Messrs. McDOUGALD & DEVON, for plaintiffs in error, relied on the following authorities :

*Prince Dig.* 445; *Constitution of Georgia,* 1 *sec.* 3 *art. Prince Dig.* 910, 911; *also* 15 *sec.* 4 *art. Prince Dig.* 913; *Constitution of United States,* 10 *sec.* 3 *art. Prince Dig.* 895; *Archbold Civil Pleading, t. p.* 67, *cites* 1 *B. & Pul.* 73; *also Leigh's Nisi Prius,* 664, 388, *cites Bachelor* vs. *Priest,* 12 *Pick. R.* 399; *Wheelock* vs. *Freeman,* 13 *Pick. R.* 165; *Granite Railway Co.* vs. *Bacon,* 15 *Pick. R.* 239; *Boyd* vs. *Brotherson,* 14 *Wend. R.* 93; *Leigh's Nisi Prius,* 392, *cites Bishop* vs. *Chambre, M. & M. R.* 116; 3 *C. & P.* 55; 14 *Eng. Com. Law R.* 207; *Johnson* vs. *Duke Marlborough,* 2 *Stark. R.* 313; 3 *Eng. Com. Law R.* 360; *Henman* vs. *Dickinson,* 5 *Bing. R.* 183; 15 *Eng. Com. Law R.* 409; *Archbold Civ. Plea.* 67, *cites* 20 *H.* 6, 11; 9 *Ed.* 4, 24 *b; also* 1 *Chitty Plea.* 46, 47, 48; *Archbold Civ. Plea.* 67, *cites* 10 *H.* 7, 16; *Bro. Obligations,* 94, 12; *H.* 4, 21 *b. Pl.* 12; *Bro. Dette* 69; 3 *T. R.* 782; 1 *Saund.* 291 *e; see* 1 *Chitty Plea.* 46, 47, 48; 2 *Leigh's Nisi Prius,* 664, *cites* 3 *T. R.* 782.

Mr. LYON, for defendant in error, made the following points.

The points taken by defendant are—

1. That the alteration, if any, was not material.

2. That there was no fraud in such alteration.

3. That there was no evidence that it was not made at the time of its execution, and before its delivery.

4. That if any benefit was derived from such alteration it was to the plaintiffs. *Bayley on Bills,* 96.

5. That the record does not show that such alteration did exist, or that it was made before its delivery.

6. That Dill was a *bona fide* purchaser, and it is not alleged that he had notice of such alteration.

7. That, allowing the alteration to have existed, the Court may not have erred, for it may have explained itself. Refers to *Masters* vs. *Miller,* 4 *T. R.* 320.

8. There was no finding of the jury as to the materiality of the alteration.

17

9. The whole question was a proper one for the consideration of the jury.

10. Plaintiffs should have pleaded *non est factum*, to have put the materiality of the alteration in issue.

*By the Court*—LUMPKIN, J, delivering the opinion.

This was an action of Assumpsit, brought in Baker Superior Court, upon a joint and several promissory note, made by Edward H. William P. and Jessie B. Tedlie, and payable to James S. Avery or bearer. All three of the makers were included, and *two* of them only served with process, a return of *non est inventus* being made by the Sheriff as to the other. The cause came on for trial in December, 1846, when the defendants who were served, insisted that the plaintiff could not proceed against two of the joint contractors without the other being made a party. The Court, Judge Warren presiding, overruled the objection, whereupon the defendants, by their counsel, excepted.

The note being offered in evidence, the defendants objected to its being read, on the ground, that there was a material alteration on the face of it. It was dated the 10th of August, 1839, and payable the 25th day of December next. Over the word *next* was written in figures 1840, so as to make the note fall due a year later than it was originally drawn. The Court overruled the demurrer to the testimony. Whereupon the defendants excepted.

[1.] By the first section of the Act of 1820, it was declared: "That whenever two or more joint contractors or co-partners are sued in the same action, and service shall be effected on one or more of the said joint contractors or co-partners, and the Sheriff or other officer serving the writ shall return, that the other defendant or defendants are not to be found, it shall and may be lawful for the plaintiff to proceed to judgment and execution against the defendant or defendants who are served with process, in the same manner as if he she or they were the sole defendant or defendants." *Prince Dig.* 445.

The second section provides: "That judgments so obtained shall bind, and execution may be levied on the joint or co-partnership property, and also on the individual property, real and personal, of the defendant or defendants who have been served with a copy of the process, but shall not bind or be levied upon the individual

property of the defendant or defendants who are not served with process." *Ib.* 446.

The only question, it occurs to the Court, to be settled in respect to the first objection is, whether the defendants in this case are *joint contractors?* That is not denied. It is urged, however, that they are likewise several. That may be. Still, if the plaintiff has elect-ed to sue them jointly, as it was his privilege to do, and has brought himself within the requisitions of the act by having the proper return made as to the defendant who is not to be found, he is clearly entitled to proceed against the other two. He comes both within the letter and spirit of the statute, which, by the way, is wholly free from ambiguity; and, being a remedial act, as well as designed to prevent a multiplicity of suits upon the same contract, it should be liberally expounded.

The other point is not entirely free from embarrassment. [2.] Some of the authorities maintain, that if an instrument is altered in a material part, and the party claiming under it fails to explain it, it is absolutely void, and there can be no recovery upon it. *Newell vs. Maybury*, 3 *Leigh R.* 350; *Mills, adm'r of Gilmore* vs. *Starr, adm'r Chambers*, 2 *Bailey R.* 359; *Bowers* vs. *Jewell*, 2 *New Hamp. R.* 543.

On the other hand it has been held, that the law will not presume that an alteration, apparent on the face of the note, was made after its execution. *Cumberland Bank* vs. *Hall*, 1 *Halst.* R. 215; 2 *Greenlf. R.* 147. And that, unsupported by other evidence, it is not competent evidence to set it aside; and that the party must show corroborating circumstances to strengthen the suspicion. *Rankin* vs. *Blackwell*, 2 *John. Cases*, 198.

*The Bank of the United States* vs. *Russell & Boone*, 3 *Yeates R.* 391, establishes that an alteration of the date of a promissory note by the payee, whereby the time of payment is retarded, afterwards discounted with innocent persons, by the payee indorsing it, avoids the note. In the case at bar the payment has been prolonged one year, and the note transferred by the payee. The date of the process is not within the statute of limitations, even reckoning the time from the 25th of December, 1839.

There is a conflict of opinion, too, as to whether the court or jury shall pronounce upon the alteration. The *materiality* of the alteration is always a question for the court. But, whether the alteration was made *before* or *after* the execution of the instrument in the more recent cases has been decided by the court, form-

erly it was referred to the jury. It is the duty of the plaintiff to prove the time when, or the circumstances under which, the alteration took place; and, unless he give *some evidence* in explanation thereof, it is not competent for the jury to decide upon a bare *inspection* of the paper. *Chitty on Bills*, 532, *9th edition; Knight* vs. *Clements*, 3 *Nev. & P. R.* 375; 8 *Adol. & Ellis*, 215. In this latter case, the bill was drawn upon a *two months* stamp, and had begun with the words *three months* after date, but the word *three* had been defaced, (as if blotted while the ink was wet,) and *two* written upon it, and two written again underneath. The stamp was sufficient only for a bill at two months. The defendants counsel insisted that the plaintiff must show, by extrinsic evidence, that the bill was altered before it was negotiated. For the plaintiff it was contended, that the jury might form an opinion on this point, from an inspection of the bill itself, without other proof; and no further evidence was given. The learned Judge placed the bill in the hands of the jury and desired them to say, whether the alteration had been made before or after the instrument was negotiated, giving leave to move for a non-suit if the Court should be of the opinion that there was no evidence to go to the jury on this point. The jury found that the bill was altered in time, and the plaintiff had a verdict.

*Cresswell* at the next term moved for a non-suit on the ground taken at the trial. He admitted that the appearances on the bill, if there had been other evidence, could not have been withdrawn from the attention of the jury; but he contended that those appearances by themselves, though they might entitle the jury to say that an alteration had taken place, could not be evidence of the time at which it was made. A rule *nisi* was granted.

*Tomlinson* now showed cause and cited *Cock* vs. *Coxwell*, 2 *Cromp. M. & R.* 291; S. C. 5 *Tyr.* 1077; *Sibley* vs. *Fisher*, 7 *A. & E.* 444, (34 *Eng. C. L. R.* 139;) S. C. 2 *Nev. & P.* 430; *Johnson* vs. *The Duke of Marlborough*, 2 *Stark. N. P. C.* 313, (3 *Eng. C. L. R.* 360;) *Henman* vs. *Dickinson*, 5 *Bing.* 183, (15 *Eng. C. L. R.* 409;) *Bishop* vs. *Chambre, M. & M.* 116; *Taylor* vs. *Mosely*, 6 *Car. & P.* 273, (25 *Eng. C. L. R.* 303.)

Lord Denman delivered the judgment of the Court, and after reciting the facts of the case, he declared that the rule for a non-suit must be made absolute. "The plaintiff," he continues, "was bound to prove a bill accepted payable at two months: that which he produced was accepted payable at either two or three months,

Tedlic *vs.* Dill.

with no evidence whether it was one or the other. The mode of obliteration might have furnished arguments in favour of one or the other supposition, and material confirmation to any proof adduced as to that fact. But, standing by itself, it was obviously no better than a conjecture ; for the alteration might have been too late, and accompanied with a fresh marking by wet ink rubbed over at the instant."

The case therefore would be with the defendants, did not the judiciary of 1799 come to the plaintiff's relief. It declares, "that no person shall be permitted to deny *any* deed, bond, bill, single or penal note, draft, receipt or order, unless he, she or they shall make affidavit of the truth of such answer, at the time of filing the same." *Prince Dig.* 421. That is, at the court to which the petition and process are made returnable.

This point has been well considered, and in the opinion of this Court, no person can be allowed to deny the genuineness of *any* instrument which is the foundation of the action against him, unless he *verifies* the truth of his defence. Profert being made of the paper, (and it must be made in *all* cases,) the defendant can by inspection at the appearance term, decide, whether any alteration has been made since its delivery and frame his answer accordingly, setting forth the facts under oath "plainly, fully and distinctly." This done, it devolves upon the plaintiff to show that the alteration was made at the time the writing was executed, or subsequently by the consent of the parties to be affected thereby, and without some evidence to this effect, the jury cannot on a bare inspection of the paper determine at what time the alteration took place.

Here, the plaintiff declared on the note, as payable the 25th day of December, 1840 ; profert is made of it in the writ. It is not denied on oath, as *altered* to be the act and deed of the defendants. They have therefore under our statute absolved the plaintiff from the necessity of proving it. Our brother Warren who tried the cause, placed the note in the hands of the jury; and we think committed no error in doing so.

His judgment must therefore be *affirmed.*