THOMPSON *et al. vs.* GOWEN, administrator, *et al.*

A bond altered in a material part, and declared upon as altered, is admissible in evidence without explaining the alteration, unless there is a sworn plea of *non est factum,* or some plea denying on oath that the alteration was made with the consent or by authority of the makers of the instrument.

May 3, 1887.

Bonds.   Evidence.   Pleadings.   Before Judge SYMMES. Charlton Superior Court.   November Term, 1886.

Reported in the decision. ·

NICHOLLS & BRANTLEY ; S. W. HITCH, by EDGAR H. ORR, for plaintiff in error.

No appearance for defendant.

BLECKLEY, Chief Justice.

This was an action upon a bond. The makers of the bond were the county school commissioner. of Charlton county, as principal, and certain persons as sureties. The declaration had a copy of the bond attached to it, and declared for a breach of the condition, in that the county school commissioner had received a sum of money, something over $500, and had not accounted for it. There was no plea. The trial came on, and the bond was tendered in evidence. It was objected to because it showed upon its face that it had been altered in a material point. It was altered in this respect: the penalty, as first written in the instrument, was $1,000, and it was plain that the one had been altered to two. The court heard evidence as to the alteration. The witness was one of the county board of education. He testified that the alteration was made after the bond was executed, and when no one was present but himself and another member of the county board of education ; but it was not said nor suggested by

the witness that the alteration was made without the consent and knowledge of the makers of the bond; there was simply silence on that subject, and no disclosure by the witness, one way or the other. The court, after hearing this evidence, ruled out the bond and ordered a nonsuit; and upon these two rulings, the present writ of error is founded. The bond being declared upon as altered, and there being no denial of it in any way, there was no occasion to explain the alteration. It ought to have been admitted in evidence, and its rejection was error.

A bond altered in a material part, and declared upon as altered, is admissible in evidence without explaining the alteration, unless there is a sworn plea of *non est factum*, or some plea denying on oath that the alteration was made with the consent or by authori of the makers of the instrument. *Tedlie vs. Dill*, 2 *Ga.* 128; Code, §§2851, 2854, 3835.

Judgment reversed.