### 47634. KINGSTON v. THE STATE.

EBERHARDT, Presiding Judge. Randy Kingston was indicted, tried and convicted of the offense of motor vehicle theft. From an order overruling his motion for new trial, as amended, he appeals, enumerating as error the overruling of the motion, and the overruling of each of the grounds thereof, as amended. *Held:*

1. The general grounds are without merit. There is ample evidence authorizing the conviction.

2. Ground 4 of the amended motion asserted error in the allowing of Jack Bennett, a State's witness, to identify a tag receipt for a tag issued to him, on the ground that it had not been signed or attested, and in allowing the witness to sign the receipt and the district attorney to attest it in open court during the trial.

The witness had, without objection, identified the paper as being the original receipt for a tag issued on his application.

The receipt tendered was for a 1971 tag and counsel for the defendant objected on the ground that it had not been signed or notarized. Thereupon the witness was asked whether he had owned the vehicle described on the receipt, and he answered that he was the owner at the time, and continued to be until State Farm Insurance Company paid him for his loss, when he assigned his title to that company.

The district attorney then had him to sign the receipt and the district attorney attested the signature, and the defendant's counsel objected to admission of the receipt on the ground that it was an assigned document. The objections were overruled and the receipt was admitted when

the witness testified that the document, with the writing placed upon it, was true and correct.

In appellant's brief it is urged that the witness' testimony as to ownership should not have been permitted, citing *Peacock v. Savannah Woodenware Co.,* 18 Ga. App. 127 (88 SE 906), holding that where it is admitted that a writing evidences the true ownership of personalty, and the writing is in court, in possession of the witness, oral testimony of the witness as to ownership should not be admitted, applying the best-evidence rule.

In his brief appellant urges error upon an entirely different ground from that which was urged in the trial court, or in the amended motion for new trial, and thus in the enumeration of errors. This he cannot successfully do. *Biddinger v. Fletcher,* 116 Ga. App. 532 (1) (157 SE2d 764); *Abrams v. State,* 223 Ga. 216 (9) (154 SE2d 443). Grounds which may be considered on appeal are limited to those which were urged before the trial court. *Kitchens v. State,* 228 Ga. 624 (1) (187 SE2d 268). Grounds of objection to evidence first raised in the motion for new trial or on appeal cannot be considered. *McDaniel v. State,* 197 Ga. 757 (2) (30 SE2d 612); *Morris v. State,* 200 Ga. 471 (1) (37 SE2d 345); *Middleton v. Waters,* 205 Ga. 847, 854 (55 SE2d 359).

The objection as to the signing and attestation is not argued or supported by authority and is deemed to have been abandoned, as is the objection that the document had been assigned. *Green v. State,* 223 Ga. 611 (5) (157 SE2d 257); *Schmid v. State,* 226 Ga. 70 (172 SE2d 616).

In any case, since the title to personalty may pass by mere delivery, the nature of the title or ownership of one who is in possession is not an opinion but is a matter of fact, resting peculiarly within his knowledge and he may testify as to it. *Brooks v. Griffin,* 10 Ga. App. 497 (3) (73 SE 752). Here the witness was in possession of the vehicle when it was stolen, and he was competent to testify as to his title or ownership. Admission of the tag receipt, even if error, was entirely harmless since it was merely cumu-

lative in nature.

This enumeration is without merit.

3. The State introduced three photographs of parts of an automobile each of which carried the manufacturer's identification number, which was the same number on the vehicle alleged to have been stolen, it appearing that the parts had been located from direction given in a statement by Thomas Busby who asserted that he and the defendant had stolen the car together, had dismantled it and had thrown some of the parts into a creek.

The only objection made to admission of the photographs was "I would like to know what the State—for what purpose they are offering them as evidence." Thereupon the officer explained that the numbers were obtained from confidential locations used by the manufacturer to aid in identifying vehicles and that they had been brought out with color equipment and thus showed up in the photographs. Counsel then stated "I would again object to the photographs," but stated no ground.

The objection made was insufficient to raise any question for determination.

4. During the course of the trial the district attorney asserted: "Your Honor, it is my understanding that Mr. Studdard intends to put the defendant's character in evidence."

An examination of the transcript reveals that no objection to the statement was made, no motion for mistrial was made, and no request was made to the court that the jury be admonished to disregard the statement. No character evidence was offered by the defendant. No question is presented for decision.

5. In the process of investigating the theft, officers charged Thomas Busby and the defendant with the offense. Busby was apprehended and gave the officers a written confession, detailing how he and the defendant had gone at night to the apartment complex where Jack Bennett lived and had taken his car, later dismantling it, selling the readily salable parts and throwing others into a

creek. Defendant was later apprehended. Busby was sworn as a witness for the State, identified and read the statement previously given to the officers, and asserted that it was true and correct. The statement was admitted in evidence and the defendant objected on the ground that the statement had been made a year prior to the date of the trial.

The objection made was without merit and the statement was properly admitted.

In the amended motion for new trial defendant asserts additional grounds, not urged at the trial, viz., that no chain of possession since the statement was given had been shown and that some obliterations and corrections appeared on it, and that it had not been shown that Busby had consented thereto. These, too, are without merit. Busby read the statement while on the stand, identified it as the one which he gave the officers and asserted that it was correct. It is presumed, absent a contrary showing, or a denial by the signer, that alterations, erasures or corrections in a writing were made prior to the signing of it. *Thrasher v. Anderson,* 45 Ga. 538, 544; *Thompson v. Gowan,* 79 Ga. 70 (3 SE 910).

Moreover, there was no objection to the oral testimony of Busby in which he made substantially the same statement as to circumstances and manner of the theft of the vehicle, its dismantling and the disposition of the parts.

6. While cross examining the defendant the district attorney asked him: "You have not tried to establish an alibi or anything like that about where you were?" and defendant answered that he had been "at the trailer park." Defendant's counsel objected on the ground that "establishing an alibi is not the basic issue."

The matter was not further pursued and appellant demonstrates no harm flowing from the question. The objection was no more than the matter was irrelevant. *Smith v. Smith,* 223 Ga. 560 (7) (156 SE2d 901).

*Judgment affirmed. Deen and Clark, JJ., concur.*

664

SUBMITTED NOVEMBER 8, 1972—DECIDED NOVEMBER 14, 1972—
REHEARING DENIED NOVEMBER 30, 1972.

*Thomas F. Nicholson,* for appellant.

*H. Eugene Brown, District Attorney, J. W. Bradley,* for appellee.