## 59379. SMITH v. THE STATE.

QUILLIAN, Presiding Judge.

The defendant appeals from a jury verdict of guilty of the offenses of criminal attempt to commit armed robbery and entry of a motor vehicle with intent to commit theft. *Held:*

1. It is alleged that "[t]he State knowingly allowed perjured testimony to go uncorrected" in violation of defendant's "due process" rights under the Fifth and Fourteenth Amendments of the U. S. Constitution. Defendant relies upon Napue v. Illinois, 360 U. S. 264 (79 SC 1173, 3 LE2d 1217) and Mooney v. Holohan, 294 U. S. 103 (55 SC 340, 79 LE 791). In Mooney, the U. S. Supreme Court held that a criminal conviction obtained "by the use of perjured testimony known by [the prosecution] to be perjured and knowingly used by them in order to procure the conviction, is without due process of law and in violation of the Fourteenth Amendment." 294 U. S. 103 (2). In Napue the court stated that "[t]he same result obtains when the State, although not soliciting false evidence, allows it to go uncorrected when it appears." 360 U. S. at 269.

The testimony objected to by defendant is the identification of Smith as the driver of the getaway car for the individual who attempted the armed robbery — Burch. He alleges that "two of the State's witnesses substantially changed their prior testimony under oath" from that at the committal hearing to that given during the trial. We find that there was a variance but this

became apparent to the defendant, his counsel, and the prosecution after hearing the testimony at trial. Further, this variance was thoroughly explored by counsel for the defendant during the trial and each witness gave the reason for the difference.

We find no prejudicial error for several reasons. First, there is no evidence of perjury. There was a difference in the testimony but this was explained by the witnesses. Secondly, there is nothing in the record to show that the prosecution procured the changed testimony or was aware of it prior to the trial. In United States v. Agurs, 427 U. S. 97, 103 (96 SC 2392, 49 LE2d 342), the Supreme Court explained that Mooney, supra, and its progeny "involve a corruption of the truth-seeking function of the trial process . . .". Earlier, in Giglio v. United States, 405 U. S. 150, 153 (92 SC 763, 31 LE2d 104), the court had stated that in Mooney "this Court made clear that deliberate deception of a court and jurors by presentation of known false evidence is incompatible with 'rudimentary demands of justice.' " Thus, it is clear that Mooney and Napue are inapplicable to the instant factual predicate and provide no basis for the claimed error.

2. Defendant invokes Brady v. Maryland, 373 U. S. 83 (83 SC 1194, 10 LE2d 215) on this same issue. The Supreme Court has held that "[t]he rule of Brady v. Maryland . . . involved the discovery, after trial, of information which had been known to the prosecution but unknown to the defense." United States v. Agurs, 427 U. S. 97, 103, supra. Brady is also inapposite under the facts of the instant case.

3. It is argued the trial court erred "when it overruled defense counsel's motion to exclude the eyewitness identification and direct a verdict to the defendant." He argues the effect of Neil v. Biggers, 409 U. S. 188 (93 SC 375, 34 LE2d 401) — which deals generally with impermissibly suggestive lineups and irreparable misidentification. We do not find that issue raised in the record.

There was a motion for a directed verdict after the close of the evidence based on defense counsel's statement that the state's witnesses saw the co-defendant Burch

with defendant Smith in the courtroom before the trial started. Counsel admitted that he did not raise the issue before or during trial even though he was aware of the facts. This enumeration is without merit. " 'A party cannot during the trial ignore what he thinks to be an injustice, take his chance on a favorable verdict, and complain later.' " *Fleming v. State,* 236 Ga. 434, 441 (224 SE2d 15).

4. The jury, during its deliberations, requested "access to those statements that were given a couple of weeks ago" by the witnesses in the committal hearing. The court asked: "Was it that the jury wanted to hear the testimony here again? The Juror: Yes, your Honor, that was given today on identification." The court denied the request. Identification of the defendant was the principal issue. It cannot be seriously contested that the co-defendant Burch attempted to rob the driver Driessen and entered his truck for that purpose. Many witnesses saw Burch with a chrome-plated revolver and such a revolver was later found on the ground just outside the vehicle in which the defendant and Burch were apprehended — on the driver's side where the defendant Smith had been riding. That same vehicle had driven by the liquor store where the attempted robbery took place and the driver turned around and passed the store again to pick up Burch after he abandoned the attempted robbery. Thus, the critical issue was identity of the driver of the getaway vehicle.

"[I]t is a well-recognized principle of our law that the judges of superior and city courts are invested with a wide discretion in the management of the business before them, and this discretion will not be controlled unless it is shown to have been manifestly abused." *Perryman v. State,* 114 Ga. 545, 546 (40 SE 746). "Reopening evidence is in the sound discretion of the trial court and will not be disturbed when no abuse of discretion is shown." *Hurt v. State,* 239 Ga. 665, 672 (238 SE2d 542). Also "[t]he rule in this state is that the trial judge, in his discretion, may permit the jury at their request to rehear in the defendant's presence the requested testimony after beginning deliberation." *Johns v. State,* 239 Ga. 681, 683 (238 SE2d 372). As the evidence taken at the committal

hearing had not been introduced in this trial, and replaying the evidence requested by the jury would require replaying a large portion of the evidence presented, we find no abuse of discretion of the trial court in denying the request of the jury. See *Mobley v. State,* 221 Ga. 716 (4) (146 SE2d 735);*Person v. State,* 235 Ga. 814 (3) (221 SE2d 587).

5. The last enumerated error alleges the district attorney "violated the appellant's rights to due process" by stating in closing argument that counsel for defendant had the closing argument "[b]ecause he did not put up any other evidence to exculpate his defendant . . ." *At trial,* defendant argued that the state was "trying to place the burden on [his] client to prove himself innocent" and moved for a mistrial. *On appeal,* defendant contends that Doyle v. Ohio, 426 U. S. 610 (96 SC 2240, 49 LE2d 91) and *Howard v. State,* 237 Ga. 471 (228 SE2d 860) hold "that a prosecutor in a State Court case should not comment on a defendant's silence."

The error enumerated is not meritorious for a number of reasons. First, the error argued on appeal is not the error asserted at trial and presents nothing for review as purported error may not be raised for the first time on appeal. *Velkey v. Grimes,* 214 Ga. 420, 421 (105 SE2d 224). Secondly, the basis argued at trial was not enumerated as error and must be considered abandoned on appeal. *Kingston v. State,* 127 Ga. App. 660, 661 (194 SE2d 675). Last, defendant's cited cases — Doyle and *Howard,* deal with the post-arrest silence of a defendant, not silence of a defendant at trial. The defendant was not silent at trial. He testified in the instant case.

*Judgment affirmed. Shulman and Carley, JJ., concur.*

SUBMITTED FEBRUARY 13, 1980 — DECIDED MARCH 12, 1980.

*Derek H. Jones,* for appellant.
*Dewey Hayes, District Attorney, M. C. Pritchard, Assistant District Attorney,* for appellee.