### 63891. CONNELL v. THE STATE.

CARLEY, Judge.

Appellant brings this appeal from his conviction of conspiracy to commit the crime of trafficking in marijuana in violation of Code Ann. § 79A-811. At the close of all the evidence, appellant moved for a directed verdict of acquittal on the grounds that the evidence established a prima facie defense of entrapment and that the state failed to present any probative evidence in rebuttal of this defense. The trial court denied appellant's motion and this ruling is the basis of appellant's sole enumeration of error on appeal.

"A distinction must be made between evidence which *raises* a defense of entrapment and which would require that the jury be charged as to the law of entrapment and the burden of proof thereon, and evidence which, under the standards set out in Code Ann. § 27-1802, would *demand* a finding of entrapment and, therefore, a directed verdict of acquittal . . . Thus, a defendant's testimony as to entrapment, even if unrebutted by any other witness to the alleged misconduct, will not entitle him to a directed verdict of acquittal unless that unrebutted testimony, together with all reasonable deductions and inferences therefrom, demands a finding that entrapment occurred." *State v. Royal,* 247 Ga. 309, 310 (275 SE2d 646) (1981). Accord, *McNorton v. State,* 159 Ga. App. 604 (1) (284

SE2d 107) (1981). The evidence presented in the instant case clearly did not demand a finding of entrapment. Therefore, the trial court did not err in denying appellant's motion for directed verdict of acquittal.

*Judgment affirmed. Quillian, C. J., and Shulman, P. J., concur.*

DECIDED JUNE 30, 1982 —
REHEARING DENIED JULY 13, 1982 — 

*Jack P. Friday, Jr.,* for appellant.
*Dupont K. Cheney, District Attorney,* for appellee.