66818. SEMPO v. THE STATE.

QUILLIAN, Presiding Judge.
The defendant appeals his conviction for armed robbery. *Held:*
1. It was not error to deny the defendant's motion for severance. "The defendant seeking severance must do more than raise the possibility that a separate trial would give him a better chance of acquittal. He must make a clear showing of prejudice and a consequent denial of due process." *Murphy v. State,* 246 Ga. 626, 629 (2) (273 SE2d 2).
2. It is contended that the trial judge committed error in admitting into evidence certain knives which were found in a search of defendant's car. At the time the State sought to introduce the evidence, counsel for defendant objected on the ground that no proper foundation had been laid and there was an improper chain of custody.
It is now argued that the knives were not material to the issues and were introduced solely to prejudice the jury towards the defendant. Under similar circumstances in that a defendant argued a different basis on appeal from that urged at trial, we held in *Smith v. State,* 153 Ga. App. 862, 865 (5) (267 SE2d 289) the error enumerated was nonmeritorious for two reasons: "First, the error argued on

appeal is not the error asserted at trial and presents nothing for review as purported error may not be raised for the first time on appeal. *Velkey v. Grimes,* 214 Ga. 420, 421 (105 SE2d 224). Secondly, the basis argued at trial was not enumerated as error and must be considered abandoned on appeal. *Kingston v. State,* 127 Ga. App. 660, 661 (194 SE2d 675)."

Moreover, even if proper objection was made, "[i]t is well settled that all of the circumstances connected with an accused's arrest, including any items taken from his person, are admissible as evidence at trial, even those that establish the commission of another criminal offense." *Reese v. State,* 145 Ga. App. 453, 457 (4) (243 SE2d 650). The Supreme Court has held: "The rule is applicable to weapons found on the accused at the time of arrest . . . and to those found in his automobile. . . ." *Bixby v. State,* 234 Ga. 812, 814 (1) (218 SE2d 609).

3. The "Allen" charge given by the trial judge was in substantially the same language approved by the Supreme Court in *Spaulding v. State,* 232 Ga. 411, 413 (4) (207 SE2d 43) and was not error for the reason assigned.

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED SEPTEMBER 26, 1983.

*Susan E. Teaster, Michael H. Lane,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Wendy L. Shoob, Assistant District Attorneys,* for appellee.