70680. HOUSTON v. THE STATE.
(334 SE2d 907)

POPE, Judge.

After a trial by jury, appellant was convicted of two counts of violating the Georgia Controlled Substances Act by selling marijuana to an undercover agent in the amounts of 6.2 grams on October 3, 1984 and 25.7 grams on October 5, 1984. Stipulating at trial that each sale occurred, appellant based his defense upon his claim that he was entrapped within the meaning of OCGA § 16-3-25.

1. Appellant's first enumeration of error challenges the denial of his motion for directed verdict of acquittal made at the close of all the evidence. He argues that after his testimony raised the issue of entrapment, the State's failure to then produce evidence in rebuttal entitles him to a directed verdict of acquittal. We disagree.

First, in its case-in-chief the State presented the testimony of the undercover agent to whom appellant sold the quantities of marijuana. Appellant's predisposition to sell marijuana was shown by the agent's testimony. Appellant's testimony to the contrary simply created a conflict in the evidence on the key element of the defense of entrapment, the issue of predisposition. See generally *Keaton v. State*, 253 Ga. 70 (316 SE2d 452) (1984). The issue of entrapment was, thus, properly submitted to the jury. See OCGA § 17-9-1 (a). Moreover, " '[a] distinction must be made between evidence which *raises* a defense of entrapment and which would require that the jury be charged as to the law of entrapment and the burden of proof thereon, and evidence which, under the standards set out in [OCGA § 17-9-1 (a)], would *demand* a finding of entrapment and, therefore, a directed verdict of acquittal . . . Thus, a defendant's testimony as to entrapment, even if unrebutted by any other witness to the alleged misconduct, will not entitle him to a directed verdict of acquittal unless that unrebutted testimony, together with all reasonable deductions and inferences therefrom, demands a finding that entrapment occurred.' *State v. Royal*, 247 Ga. 309, 310 (275 SE2d 646) (1981)." *Connell v. State*, 163 Ga. App. 53 (293 SE2d 367) (1982). Our review of the record evidence in this case reveals that a finding of entrapment was not demanded. Instead, as in *State v. Royal*, supra, a question of fact was

presented and properly submitted to the jury for determination. See *Norley v. State*, 170 Ga. App. 249 (1) (316 SE2d 808) (1984); *Howell v. State*, 167 Ga. App. 294 (3) (306 SE2d 378) (1983). The trial court did not err in denying appellant's motion for directed verdict of acquittal. See *Caithaml v. State*, 163 Ga. App. 429 (1) (294 SE2d 674) (1982).

2. Appellant next asserts that the trial court erred in allowing the State to cross-examine a defense witness, Jeff Larson, concerning a prior indictment. At trial appellant's counsel objected to the State's question on the ground that it raised a collateral issue not involved in the case. This ground is not included on appeal by enumeration of error or argument. Instead, it is now argued that the State's cross-examination of Larson regarding the indictment against him constituted an improper and impermissible means of impeachment. "Under similar circumstances in that a defendant argued a different basis on appeal from that urged at trial, we held in *Smith v. State*, 153 Ga. App. 862, 865 (5) (267 SE2d 289) [(1980)] the error enumerated was nonmeritorious for two reasons: 'First, the error argued on appeal is not the error asserted at trial and presents nothing for review as purported error may not be raised for the first time on appeal. *Velkey v. Grimes*, 214 Ga. 420, 421 (105 SE2d 224) [(1958)]. Secondly, the basis argued at trial was not enumerated as error and must be considered abandoned on appeal. *Kingston v. State*, 127 Ga. App. 660, 661 (194 SE2d 675) [(1972)].'" *Sempo v. State*, 168 Ga. App. 152 (2) (308 SE2d 433) (1983). Accord *134 Baker Street, Inc. v. State*, 172 Ga. App. 738 (5) (324 SE2d 575) (1984).

Moreover, even assuming that the issue is properly before this court for consideration, we do not find reversible error in the trial court's permitting the disputed cross-examination of Larson, appellant's roommate and co-worker. We agree with appellant that the State's cross-examination of Larson regarding an apparently outstanding indictment against him for the sale of marijuana was not the proper method of impeaching him by proof of prior crimes. See *McCarty v. State*, 139 Ga. App. 101 (1) (227 SE2d 898) (1976). See also *Williams v. State*, 251 Ga. 749 (12) (312 SE2d 40) (1983). However, the testimony elicited on cross-examination complained of by appellant was admissible under OCGA § 24-9-82 which provides: "A witness may be impeached by disproving the facts testified to by him." See also *Weaver v. State*, 161 Ga. App. 421 (3) (288 SE2d 687) (1982). Further, Larson testified as a defense witness in support of appellant's asserted defense of entrapment. Through cross-examination concerning the facts underlying the outstanding indictment, the State showed that Larson was charged with a September 22, 1984 sale of marijuana to the undercover agent who also purchased it from appellant in early October 1984. "As a general rule, and particularly when

the evidence is conflicting, a party may show any fact or circumstance that might affect the credit of an opposing witness. *Quinn v. State*, 132 Ga. 395, 396 (2) (208 SE2d 263) [(1974)]. 'And on cross-examination it is always permissible to sift the motives of the witness and to show, if possible, any reason other than a purpose to tell the truth which may consciously or unconsciously actuate him in his testimony. (Cit.)' [Cits.]" *Arnold v. State*, 163 Ga. App. 10, 13 (293 SE2d 501) (1982). This enumeration of error provides no basis for reversal.

3. Appellant's final enumeration cites error to the trial court's denial of his motion for bond pending appeal. This issue is, however, rendered moot by our decisions in the foregoing divisions and our affirmance of appellant's conviction. Compare *Corbitt v. State*, 167 Ga. App. 576 (307 SE2d 133) (1983).

*Judgment affirmed. Deen, P. J., and Beasley, J., concur.*

DECIDED SEPTEMBER 10, 1985.

*James M. Rudder, Jr.*, for appellant.
*William A. Foster III, District Attorney, Penny J. Udolf, Assistant District Attorney*, for appellee.