## 74686. HUDSON v. THE STATE.
(361 SE2d 240)

McMURRAY, Presiding Judge.

Defendant appeals from his conviction of violation of the Georgia Controlled Substances Act (distributing cocaine). *Held:*

1. Defendant contends he was entitled to a directed verdict of acquittal because he was entrapped by undercover agents. We disagree. The testimony of the undercover agents showed that defendant voluntarily purchased cocaine for one of the agents when a source known to defendant refused to sell it directly to the agent. Defendant's predisposition to distribute cocaine was demonstrated by this testimony. Accordingly, the issue of entrapment was submitted prop-

erly to the jury. *Houston v. State*, 175 Ga. App. 881 (1) (334 SE2d 907); *Curtis v. State*, 172 Ga. App. 473, 474 (2) (323 SE2d 684).

2. The State was not required to present *rebuttal* evidence demonstrating that defendant was not entrapped. Evidence concerning defendant's predisposition to distribute cocaine was presented sufficiently by the State in its case-in-chief. See *Houston v. State*, 175 Ga. App. 881, supra.

3. Defendant contends the trial court erred in failing to give certain requests to charge concerning the law of entrapment. The requests to charge do not appear in the record on appeal. Upon inquiry, the clerk of the trial court has certified that any charges requested by defendant were not a part of the record in the clerk's office of the trial court. Accordingly, we cannot rule upon the propriety of defendant's requests. *Jones v. State*, 133 Ga. App. 63, 64 (2) (209 SE2d 727). At any rate, our review of the trial court's charge shows the jury was instructed properly and adequately concerning the law of entrapment.

*Judgment affirmed. Sognier and Beasley, JJ., concur.*

DECIDED SEPTEMBER 17, 1987.

*M. V. Booker*, for appellant.

*Beverly B. Hayes, Jr., District Attorney, Samuel A. Hilbun, William T. McBroom III, Assistant District Attorneys*, for appellee.