### 75629. WORLEY v. THE STATE.
### 75630. BUCHANAN v. THE STATE.
(364 SE2d 897)

BENHAM, Judge.

Appellants were convicted of selling alcoholic beverages to minors (OCGA § 3-3-23). On appeal, they challenge both the trial court's denial of their motion for a directed verdict of acquittal and the sufficiency of the evidence. We affirm.

The following evidence was adduced at trial: The Sheriff of Heard County, in response to several telephone calls he received from county citizens about several local stores selling beer to underage persons, enlisted the aid of a secretary and a dispatcher from the sheriff's office to attempt to buy beer from various establishments. The two women, both of whom were 18 years old, were instructed to go into the stores and attempt to purchase beer. If they were successful, they were to bring the beer back to the sheriff's office and put it in a sack marked with the date and time it was purchased. The sheriff also told them that if a vendor did not want to sell to them, they were to leave the store. On January 9, 1987, one of the women purchased a six-pack of beer from appellant Worley at one grocery store and the other woman purchased a six-pack of beer from appellant Buchanan at another store. Before the sales were consummated, both appellants asked to see the women's identification. Although both women produced their driver's licenses showing that they were born in 1968 and therefore not of sufficient age to buy beer, the sales were made.

Appellants did not deny making the sales but testified that they sold the beer to the women thinking that they were selling it to persons who were 21 years old; that the driver's licenses they saw had 1965 birthdates; and that, unlike typical underage persons, the

women did not appear to be nervous when asked for their identification. Appellants admitted that the women did not try to talk them into selling the beer.

Appellants' defense at trial and on appeal is that they made the sales as a result of entrapment (OCGA § 16-3-25) and that a directed verdict of acquittal was demanded based on the evidence presented. They argue that there was unrebutted testimony that the women presented their identification in such a manner that it was subtly deceitful and thus constituted entrapment.

"[A] distinction must be made between evidence which *raises* a defense of entrapment and which would require that the jury be charged as to the law of entrapment and the burden of proof thereon, and evidence which, under the standards set out in OCGA § 17-9-1 (a) would *demand* a finding of entrapment and, therefore, a directed verdict of acquittal. Thus, a defendant's testimony as to entrapment, even if unrebutted by any other witness to the alleged misconduct, will not entitle him to a directed verdict of acquittal unless that unrebutted testimony, together with all reasonable deductions and inferences therefrom, demands a finding that entrapment occurred. [Cits.]" *Houston v. State*, 175 Ga. App. 881 (1) (334 SE2d 907) (1985). The evidence in this case did not demand a finding of entrapment, and there was sufficient evidence for a rational trier of fact to find appellants guilty beyond a reasonable doubt of the crime charged. The trial court did not err in denying appellants' motion for directed verdict of acquittal. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Houston v. State*, supra.

*Judgment affirmed. Banke, P. J., and Carley, J., concur.*

DECIDED JANUARY 12, 1988.

*Michael G. Kam*, for appellants.

*William G. Hamrick, Jr., District Attorney, Randall K. Coggin, Assistant District Attorney*, for appellee.