*tant District Attorney*, for appellee.

### A92A1642. JACKSON v. THE STATE.
(424 SE2d 83)

BIRDSONG, Presiding Judge.

Richard Jackson appeals his judgment of conviction of sale of cocaine in violation of the Georgia Controlled Substances Act and the sentence. His sole enumeration of error is that the evidence is insufficient to sustain the verdict of guilty, because the State failed to defend sufficiently and adequately his allegations of entrapment.

The undercover agent and a deputy sheriff testified that Darren Stinson (who, according to the deputy, had offered to become an informant for hire) was introduced to the agent by the deputy. The agent further testified that, prior to the incident, the informant had worked for the agent only once before. The informant was paid $50 for each drug buy. The drug buy involving appellant was the second drug buy the informant had participated in that particular evening. As the agent and informant were driving down the road, they observed appellant and several people standing in the street. The informant told the agent "who [appellant] was" and identified him by name. The agent instructed the informant to call appellant over to the vehicle. The informant walked up to appellant, remaining at all times in the agent's sight, and stopped a few feet from appellant. The informant and appellant did not appear to be close enough so they could touch. Nothing was exchanged between informant and appellant; the informant never touched or handled the drugs in question in any way; and the informant did not furnish drugs to appellant. Appellant approached the driver's side of the vehicle and asked the agent what he needed. The agent replied, "a twenty," which is street slang for $20 worth of cocaine. Appellant removed an amber-colored bottle from his left pocket and poured out several packets containing a substance which appeared to be cocaine and handed one to the agent. The agent gave appellant $20. The agent testified without objection that he decided he was going to give appellant an "opportunity" to sell cocaine; and that the agent did not coerce or threaten appellant to sell drugs. A chemist testified that the substance was cocaine.

The informant testified as a defense witness as follows: The agent stopped him and asked if he knew where he could buy some dope; the agent offered to pay the informant $50. The informant agreed and got into the agent's car. The informant had been involved in a prior dispute with appellant and had "told him [he] was going to get him." Although appellant "doesn't sell dope," the informant set him up by

talking him into doing the informant a favor by selling cocaine to the agent. The informant told appellant he did not want to sell cocaine personally to the undercover agent, as he did not want the latter to know who he was. Appellant said he did not have any dope because he did not sell it. The informant gave a "loose rock" of cocaine to appellant out of the sight of the agent. After receiving the cocaine, appellant approached the agent and sold it to him. Informant collected his money from appellant later. *Held*:

The defense of entrapment consists of the following three distinct elements: (1) the idea for the crime must originate with the state agent; (2) the crime must be induced by the agent's undue persuasion, incitement, or deceit; and (3) the defendant must not be predisposed to commit the crime. Further, the predisposition of the defendant toward crime is the key element of the defense. *Keaton v. State*, 253 Ga. 70, 72 (316 SE2d 452).

In the case at bar, we find sufficient evidence of appellant's predisposition so as to raise an issue for jury resolution as to entrapment. For example, when the agent's testimony is *viewed* in its totality, an inference reasonably could have been drawn by the jury that the informant, when telling the agent "who [appellant] was" and when identifying appellant by name from among several persons standing in the street, also informed the officer that appellant was a person who sold drugs. At the time of this incident, the informant had been used on one prior occasion, and had helped the agent make another successful drug sale case earlier that same evening. " 'Because the concept of entrapment involves the predisposition of the accused, the question, like all fact questions, is generally one for the jury to decide,' " under proper instructions. *State v. Royal*, 247 Ga. 309, 310, n. 1 (275 SE2d 646).

The case *Wilkey v. State*, 203 Ga. App. 1 (416 SE2d 350), citing *Hill v. State*, 261 Ga. 377 (405 SE2d 258), is factually distinguishable from this case and is not controlling. The case at bar was not in such posture as to have demanded a directed verdict of acquittal (compare *Worley v. State*, 185 Ga. App. 528 (364 SE2d 897)); the issue of entrapment was presented to the jury under proper instructions, and the jury, as conclusively evidenced by its finding of guilty, rejected the entrapment defense.

Review of the transcript in a light most favorable to the jury's verdict reveals ample evidence from which any rational trier of fact could have found beyond a reasonable doubt that appellant was guilty of the offense of sale of cocaine of which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

*Judgment affirmed. Beasley and Andrews, JJ., concur.*

DECIDED OCTOBER 30, 1992.

*Timothy L. Lam*, for appellant.
*Joseph H. Briley*, District Attorney, *James L. Cline, Jr.*, Assistant District Attorney, for appellee.