## A93A2030. BOWMAN v. THE STATE.
(437 SE2d 840)

BLACKBURN, Judge.
Terry Lynn Bowman was tried before a jury and found guilty of a violation of the Georgia Controlled Substances Act. On appeal, his sole enumeration of error is that the trial court erred in failing to grant his motion for directed verdict of acquittal based on his entrapment defense.

"The defense of entrapment consists of the following three distinct elements: (1) the idea for the crime must originate with the state agent; (2) the crime must be induced by the agent's undue persuasion, incitement, or deceit; and (3) the defendant must not be predisposed to commit the crime. Further, the [lack of] predisposition of the defendant toward crime is the key element of the defense. *Keaton v. State*, 253 Ga. 70, 72 (316 SE2d 452)." *Jackson v. State,* 206 Ga. App. 98, 99 (424 SE2d 83) (1992).

Bowman does not dispute that he sold approximately seven grams of marijuana to Officer Waddell of the City of Marietta Police Department; however, he contends that he was entrapped into making the sale. Bowman testified that he was approached by a man known to him as "Chris." Bowman admitted that he had purchased some marijuana from Chris earlier in the week. Bowman testified that Chris repeatedly requested that he sell a quantity of marijuana to some individuals known to Chris. Chris stated that he owed these individuals some money and that they would attempt to get the marijuana as payment for the money owed, if they knew that Chris was the person making the sale. Furthermore, Chris told Bowman that he needed the money in order to have a place to sleep that night. Bowman then agreed to make the sale.

Bowman argues that Chris was an agent of the state and that Chris induced him to sell the marijuana, a crime which he was not predisposed to commit. However, both officers who participated in the transaction testified that Chris was not a state agent, that they did not know Chris, by name or by sight, that he was not an informant, and that they did not pay Chris to facilitate the drug transaction. Officer Waddell testified that Chris approached the two undercover officers, engaged in small talk, and asked "what [they] were looking for." Officer Waddell stated that they were looking for some "smoke" (street slang for marijuana). Chris asked "how much" and Officer Waddell responded "a quarter ounce." Chris then stated that it would cost $55. After Officer Waddell agreed, Chris told them to follow him. Chris took the officers to Bowman's hotel room, where Bowman made the sale to Officer Waddell.

Bowman argues that these facts show that Chris was an agent of the officers in facilitating the drug transaction and that, therefore, a finding of entrapment as a matter of law was demanded. However, even "the use of an informant to introduce an undercover agent to the accused, who then carries on the transaction with the agent, does not constitute entrapment. [Cit.]" . . . " '[Furthermore,] repeated requests and offers of money do not make out an entrapment situation as a matter of law.' [Cits.]" *Pennyman v. State,* 175 Ga. App. 405, 407 (333 SE2d 659) (1985).

While Bowman may have presented enough evidence to raise a

defense of entrapment, the evidence did not demand a finding of entrapment as a matter of law. See *Venable v. State*, 203 Ga. App. 517 (3) (417 SE2d 347) (1992) and *Tomlin v. State*, 170 Ga. App. 123 (3) (316 SE2d 570) (1984). The jury was authorized to find that Bowman was predisposed to sell marijuana and that he was not induced to sell marijuana to Officer Waddell by undue persuasion, incitement, or deceit. Id.

*Judgment affirmed. McMurray, P. J., and Johnson, J., concur.*

DECIDED NOVEMBER 9, 1993.

*Lawrence W. Daniel*, for appellant.

*Thomas J. Charron, District Attorney, Debra H. Bernes, Nancy I. Jordan, Assistant District Attorneys*, for appellee.