## 53439. HENDERSON v. THE STATE.

STOLZ, Judge.

The appellant appeals from his conviction for a violation of the Georgia Controlled Substances Act.

An undercover agent for the Georgia Bureau of Investigation met the appellant and an informer in their hotel room. According to testimony of the undercover agent, the appellant, without prompting by either of the other two parties, offered to procure marijuana for the

agent for the cost of twenty-five dollars, and subsequently did procure the substance. According to the appellant's testimony, he was in a position where pressure by both the informer and the agent caused him to do an act which he would not have done except for their conduct. The informer did not testify.

It is the appellant's contention that the state neither produced the informant nor rebutted a prima facie defense of entrapment, and that the appellant, therefore, was entitled to a directed verdict. We find the appellant's argument to be without merit.

1. The appellant cites *Harris v. State,* 139 Ga. App. 675 (229 SE2d 148) (1976), *Hall v. State,* 136 Ga. App. 622 (222 SE2d 140) (1975), and *Harpe v. State,* 134 Ga. App. 493 (214 SE2d 738) (1975), for the proposition that an informant must be produced in order for the state to rebut a defense of entrapment. Those three cases do not so hold, however. *Harris, Hall,* and *Harpe,* supra, require that the informant testify only in situations where the alleged undue persuasion occurred *out of the presence* of the state's other witnesses. Otherwise there is no rebuttal of the defendant's prima facie defense of entrapment.

2. In the case sub judice, there was testimony at trial by a state agent who was present at the occasion of the alleged undue persuasion. According to the state's witness, the appellant initiated the sale of marijuana (Tr. 12, 13). Thus the appellant's entrapment defense was rebutted, and there is evidence to support his conviction.

*Judgment affirmed. Quillian, P. J., and Shulman, J., concur.*

SUBMITTED FEBRUARY 3, 1977 — DECIDED FEBRUARY 25, 1977.

*John W. Timmons, Jack H. Affleck, Jr.,* for appellant.

*Harry N. Gordon, District Attorney, B. Thomas Cook, Jr., Assistant District Attorney,* for appellee.