## 54212. PERRY v. THE STATE.

BIRDSONG, Judge.

The appellant Perry was convicted upon three counts alleging violations of the Georgia Controlled Substances Act. He was sentenced to five years (two to serve and three on probation) on each count to run concurrently. Perry enumerates three alleged errors, concerning, respectively, the refusal of the trial judge to direct a verdict of acquittal, to give certain requested charges, and to grant a motion for new trial. *Held:*

Pertinent evidence in the transcript shows that Perry was contacted by an informer who was a long-time acquaintance. The informer introduced Perry to an undercover agent who made successful arrangements to purchase heroin and cocaine from Perry on two different dates. The evidence is more than sufficient to show that Perry voluntarily agreed to sell the drugs and that the drugs were in fact what they were represented to be. Perry admitted the sales but offered evidence which the state concedes raised a valid defense of entrapment. Perry

testified that the informer came to him (Perry) and related that he (the informer) was in trouble and needed some help. The informer related that he was working for state drug enforcement officers and that he had been supplied with cash and a supply of drugs. The informer indicated that a "big drug dealer" was coming to town and that the informer needed Perry's assistance to make sales to the dealer so that the dealer could be apprehended. Perry testified that each of the sales involved was pursuant to the request and instructions of the informer. Lastly, Perry testified that the informer approached him alone and that some of the money and all of the drugs and information were passed between them outside the presence of the undercover agents. In rebuttal, the state offered substantial evidence attacking the credibility of Perry's testimony but did not call the fully identified informer.

1. We conclude that the trial court erred in not granting the motion for a directed verdict of acquittal. In *Harpe v. State*, 134 Ga. App. 493 (214 SE2d 738) (1975), this court held that where the evidence of the defendant raises the defense of entrapment and is uncontested or not rebutted by the state, a conviction cannot be upheld, as the state has the duty to come forward with contrary proof. The state, in this case, admits that Perry raised the defense of entrapment but contends that it raised a sufficient question of credibility so as to create a question of fact for the jury. None of this evidence, however, has any value in meeting the state's obligation of refuting the defense of entrapment by the informer. The informer in this case allegedly induced Perry to assist in these criminal enterprises outside the presence of the state's witnesses. All the rebuttal evidence offered by the state merely challenges the credibility of Perry. The state cannot rest on an attack on Perry's credibility. *Harris v. State*, 139 Ga. App. 675, 676 (229 SE2d 148) (1976); *Hall v. State*, 136 Ga. App. 622, 623 (222 SE2d 140) (1975). If the informer's testimony would disprove the defendant's testimony, the state should have produced him. In the absence of some evidence by the state directly contradicting the testimony of Perry that he was induced by the informer (see *Henderson v. State*, 141 Ga. App. 424

(233 SE2d 500) (1977)) to make the sales on behalf of the state, the defendant Perry was entitled to a judgment of acquittal. *Coleman v. State,* 141 Ga. App. 193, 194 (2) (233 SE2d 42) (1977).

2. The above ruling which reverses the judgment renders it unnecessary to consider the other enumerations of error.

*Judgment reversed. Deen, P. J., and Webb, J., concur.*

SUBMITTED JULY 7, 1977 — DECIDED SEPTEMBER 8, 1977.

*Grogan, Jones, Layfield & Swearingen, John C. Swearingen, Jr., Ben B. Philips,* for appellant.

*E. Mullins Whisnant, District Attorney, Lovick P. Anthony, Assistant District Attorney,* for appellee.