## 36823. THE STATE v. ROYAL.

GREGORY, Justice.

Certiorari was granted in this case to determine first, whether the Court of Appeals correctly ruled that the failure of the State to rebut defendant Royal's testimony as to entrapment with the testimony of the confidential informant entitled Royal to an acquittal, and secondly, whether the trial court erred in overruling defendant's Brady motion seeking disclosure of the informant's identity.

(1) Two undercover GBI agents and a confidential informant went together to Pal's Drive-in in Thomasville on the evening of July 27, 1979, to see if the agents could obtain any illegal drugs. There was no plan to meet with any particular person at Pal's but defendant Larry Royal was there drinking and shooting pool.

Soon after the trio arrived, the confidential informant took the defendant aside and after some discussion, it was agreed that they would obtain some marijuana. Subsequent to this discussion, the two rejoined the GBI agents and after shooting pool and drinking together for a couple of hours, defendant Royal, the confidential informant and the two GBI agents went together in Royal's car to a residence in Thomasville. There, one of the GBI agents gave Royal $10. Royal went into the residence while the other three waited in the car, and returned shortly with a bag of green leafy material later identified as being marijuana.

The defendant's testimony as to the discussions between him and the confidential informant, which took place outside the hearing of the GBI agents, was uncontradicted by the State as the confidential informant was not called as a witness.

Where a defendant raises an affirmative defense and testifies to

the same, the burden is on the State to disprove the defense beyond a reasonable doubt. *Coleman v. State,* 141 Ga. App. 193 (2) (233 SE2d 42) (1977). See *State v. Moore,* 237 Ga. 269 (227 SE2d 241) (1976). Ordinarily, the determination of whether the State has met its burden rests with the jury. Code Ann. § 27-2301. However, where there is no conflict in the evidence, and the evidence introduced, with all reasonable deductions and inferences therefrom, demands a verdict of acquittal, the trial court in a criminal case must direct a verdict of acquittal. Code Ann. § 27-1802; *Merino v. State,* 230 Ga. 604 (198 SE2d 311) (1973).

The Court of Appeals has held in a number of cases that the failure of the State to produce the confidential informant to rebut a defendant's entrapment testimony required a directed verdict of acquittal. See, e.g., *Harpe v. State,* 134 Ga. App. 493 (214 SE2d 738) (1975); *Hall v. State,* 136 Ga. App. 622 (222 SE2d 140) (1975); *Coleman v. State,* 141 Ga. App. 193, supra; *Robinson v. State,* 145 Ga. App. 17 (243 SE2d 257) (1978). Compare United States v. Bueno, 447 F2d 903 (5th Cir. 1971). We do not, however, read those cases as establishing a *per se* rule that a defendant is entitled to a directed verdict where the informant is not called to rebut the defendant's testimony of entrapment.

A distinction must be made between evidence which *raises* a defense of entrapment and which would require that the jury be charged as to the law of entrapment and the burden of proof thereon, and evidence which, under the standards set out in Code Ann. § 27-1802, would *demand* a finding of entrapment and, therefore, a directed verdict of acquittal.[1]

Lack of conflict in the evidence is only one of the criteria in Code Ann. § 27-1802. Thus a defendant's testimony as to entrapment, even if unrebutted by any other witness to the alleged misconduct, will not entitle him to a directed verdict of acquittal unless that unrebutted testimony, together with all reasonable deductions and inferences therefrom, demands a finding that entrapment occurred.[2]

---

[1] See *Tolbert v. State,* 138 Ga. App. 724 (227 SE2d 416) (1976): "Because the concept of entrapment involves the predisposition of the accused, the question, like all fact questions, is generally one for the jury to decide." (Cit. omitted).

[2] The entrapment defense does not rest on constitutional grounds. United States v. Russell, 411 U. S. 423 (93 SC 1637, 36 LE2d 366) (1973). In Georgia, the defense is set out in Code Ann. §26-905 which states in part, "Entrapment exists where the idea and intention of the commission of the crime originated with a government officer or employee, or with an agent of either, *and* he, by undue persuasion, incitement, or deceitful means, induced the accused to commit the act which the accused would not have committed except for the conduct of such officer." (Emphasis supplied.)

In this case, Royal's testimony did not demand a finding that he was entrapped. He did not know at the time of the sale that the informant was an informant or that the GBI agents were GBI agents. Nor did the informer lead Royal to believe that by obtaining marijuana, he was assisting the State. Therefore, *Hughes v. State,* 152 Ga. App. 80 (262 SE2d 245) (1979); *Perry v. State,* 143 Ga. App. 227 (237 SE2d 705 ) (1977); *Coleman v. State,* supra; and *Harpe v. State,* supra, are distinguishable.

Royal admitted that he was not threatened or coerced to obtain the marijuana. Thus, *Hall v. State,* supra, is distinguishable.

While Royal demurred somewhat to the informant's initial suggestion that they go obtain marijuana, and while he testified that the informant got angry at his initial refusal, the informant's requests were not repeated on several different occasions on different days. The conversation that occurred between the informant and Royal out of the hearing of the agents, lasted no more than a few minutes. *Robinson v. State,* supra, is therefore distinguishable.[3] See *Brooks v. State,* 125 Ga. App. 867 (189 SE2d 448) (1972).

There were in Royal's testimony some indications of entrapment. For example, aside from Royal's initial demurral the informant selected the source from which the marijuana was purchased, and the GBI agents provided the money with which to make the purchase. See *Griffin v. State,* 154 Ga. App. 261 (3) (267 SE2d 867) (1980).

On the other hand, there was some indication of non-entrapment. While Royal testified that if he had not been approached that evening he would have continued to drink and shoot pool, he further testified that "If somebody brings it [marijuana] up, I'm right here." He also admitted smoking marijuana that evening, both before and after the sale. Thus, defendant Royal's own testimony presented some evidence of predisposition, although not so strong as in *Mafnas v. State,* 149 Ga. App. 286 (6) (254 SE2d 409) (1979) or *Garrett v. State,* 133 Ga. App. 564 (3) (211 SE2d 584) (1974), where the evidence of predisposition was so strong as to preclude a defense of entrapment.

This is one of those cases in which a question of fact was presented as to entrapment for determination by the jury. The evidence did not, however, *demand* a finding that defendant Royal

---

[3] Where there have been repeated solicitations and refusals, the Court of Appeals has apparently made a distinction between cases in which the defendant already possessed the contraband and cases in which he did not. Compare *Robinson* with cases cited therein.

was entrapped into the commission of a crime. *Smith v. State,* 239 Ga. 477 (1) (238 SE2d 116) (1977); *McDonald v. State,* 156 Ga. App. 143 (4) (273 SE2d 881) (1980); *Marshall v. State,* 143 Ga. App. 249 (1) (237 SE2d 709) (1977); *Huskey v. State,* 139 Ga. App. 752 (229 SE2d 547) (1976).

The trial court charged the law of entrapment and the jury decided the issue adversely to the defendant. The Court of Appeals erred in holding that defendant Royal was entitled to a judgment of acquittal on the grounds that his testimony was not rebutted by the testimony of the informant.

(2) While ordinarily this court, in granting certiorari, does not undertake to dispose of issues not reached by the Court of Appeals in its decision, cf. *Reserve Life Ins. Co. v. Ayers,* 217 Ga. 206 (1) (121 SE2d 649) (1961), it is not precluded from doing so. Georgia Constitution, Art. VI, Sec. II, Par. IV (Code Ann. § 2-3104). See *Central R. &c. Co. v. Kent,* 91 Ga. 687 (18 SE 850) (1893). Therefore, pursuant to Rule 28 of this court, we will address Royal's contention that the trial court erred in failing to disclose the identity of the confidential informant.

Where an informant is a mere tipster, disclosure of his identity is not required. *Thornton v. State,* 238 Ga. 160 (2) (231 SE2d 729) (1977). But where the informer is a witness or participant, a request for disclosure requires the trial court to balance the benefits of disclosure to the defendant against the resulting harm to the government. Roviaro v. United States, 353 U. S. 53 (77 SC 623, 1 LE2d 639) (1957); *Thornton,* supra. "Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." Roviaro, supra, at 62.

Where a defendant charges that a confidential informant has entrapped him outside the presence of any other witnesses, Roviaro would ordinarily require disclosure of the informant's identity, since the defense of entrapment would rest upon allegations which only the informant could confirm or deny.[4]

In this case, however, those factors mitigating in favor of disclosure were not timely presented to the trial court.

---

[4] However, "The mere invocation of the word 'entrapment' does not magically create a viable defense." Alvarez v. United States, 525 F2d 980, 983 (5th Cir. 1976). "The proper ruling will depend upon the specific facts and circumstances of each individual case." United States v. Fischer, 531 F2d 783, 787 (5th Cir. 1976).

At the hearing on Royal's first motion for disclosure, held prior to trial, the defendant presented no evidence, and if his attorney gave any indications to the trial court as to the possible relevance of the informant's testimony, they do not appear in the record.

Royal's second motion for disclosure came near the end of the presentation of the State's evidence, at which time no evidence of entrapment had yet been presented. Royal's attorney, in his argument on the motion, made no statement nor gave any indication as to how the testimony of the informant would benefit the defendant, nor did he indicate that he intended to rely upon a defense of entrapment.[5] The court, citing *Thornton,* found in part, "that there's been no showing nor evidence in any manner to disclose or show that the defendant can be harmed in any manner by the court ruling in favor of the privilege as to nondisclosure, nor has there been any showing and the court does not find that the defendant's right to a full and fair opportunity to defend himself will in any way be harmed by the court not requiring disclosure."

In this case, the defendant necessarily knew what the informant had said or done, if anything. We see no reason not to hold that it was defendant's responsibility to acquaint the court with the nature of his entrapment defense prior to the court's ruling in favor of nondisclosure.[6] See, United States v. Hodges, 493 F2d 11 (5th Cir. 1974) and Alvarez v. United States, 525 F2d 980 (5th Cir. 1976).

Finally, Royal renewed his previous motions to disclose after both sides had closed and after he had moved for a directed verdict of acquittal on the ground that his testimony had made out an unrebutted case of entrapment as a matter of law. Although the trial court was by this time aware of Royal's contention that he was entrapped by a confidential informant outside the presence of any other witnesses, there was no error in overruling this third motion. A defendant may not wait until the case is over to make a proper motion

---

[5] Those contentions could not have been made during his opening statement as he did not make one.

[6] The State contends that non-disclosure was not error in any event because the defendant already knew the informant. However, Royal's testimony disclosed only that he had previously seen the informant hanging around Pal's and thought his nickname was "Rack." This would be insufficient knowledge on defendant's part to abrogate the State's duty to disclose, if such duty existed. On the other hand, we are equally of the opinion that it was not such knowledge as would eliminate the State's interest in shielding the identity of the informant. In any event, as to the latter point, the evidence of knowledge on the part of defendant as to the informant's identity was introduced after the trial court ruled in favor of non-disclosure; prior to that Royal's attorney had stated in his place that neither he nor defendant Royal knew the identity of the informant.

for disclosure in the absence of some justification for the delay. In this case there was none.

The trial court did not err in refusing to require the State to disclose the identity of the confidential informant.

Since there were four additional enumerations of error not considered by the Court of Appeals, we remand this case to the Court of Appeals for further proceedings not inconsistent with this opinion.

*Judgment reversed. All the Justices concur, except Hill, P. J. and Clarke, J., who concur in the judgment only, and Smith, J., who dissents.*

DECIDED MARCH 3, 1981 —
REHEARING DENIED MARCH 18, 1981.

*H. Lamar Cole, District Attorney,. Richard H. Goolsby, Assistant District Attorney,* for appellant.
*Harry Jay Altman,* for appellee.