67890. TOMLIN v. THE STATE.

McMurray, Chief Judge.

Defendant was found guilty of violating the Georgia Controlled Substances Act by selling marijuana to an undercover agent of the Georgia Bureau of Investigation (GBI) and sentenced to serve 10 years in the penitentiary. Defendant appeals from the judgment of conviction and sentence. *Held*:

1. The trial court did not err in denying defendant's motion to compel disclosure of the confidential informant since the evidence revealed that defendant already knew the informant. See *State v. Royal*, 247 Ga. 309, 313 (fn. 6) (275 SE2d 646). Moreover, defendant did not acquaint the court with the nature of his entrapment defense prior to the court's ruling in favor of nondisclosure. See *State v. Royal*, supra at page 313. " 'The question of disclosure is a matter of discretion with the trial judge (see *Boyd v. State* [146 Ga. App. 359 (246 SE2d 396) (1978)]), which in this case was not abused.' [Cit.]" *Henderson v. State*, 162 Ga. App. 320, 322 (2) (292 SE2d 77).

2. Defendant enumerates as error the restrictions placed on him during cross-examination of certain state's witnesses. Essentially, defendant contends that he was restricted from asking questions concerning the identity of the informant and questions concerning a conflict in the testimony as to the whereabouts of Jackie Blackmon (the alleged confidential informant) on certain days. Defendant argues that these limitations of cross-examination denied him the right to a thorough and sifting cross-examination. Defendant's contention is without merit.

In the case sub judice, the defendant questioned certain state's

witnesses as to their presence with the informant on certain dates. Defendant then inquired as to the witnesses' presence with Jackie Blackmon on those very same dates. This was an attempt by defendant to disclose the informant's identity indirectly after the court had already prohibited him from doing so directly. Therefore, the state's objections grounded upon the defendant's attempt to elicit the identity of the informant were properly sustained.

Moreover, "[c]ross-examination of witnesses is a matter within the control and discretion of the trial court and it will not be interfered with unless such discretion is manifestly abused. [Cits.]" *Phillips v. State*, 146 Ga. App. 423, 424 (1) (246 SE2d 438). This record discloses no such abuse. *Kessel v. State*, 236 Ga. 373, 375 (3) (223 SE2d 811).

3. Defendant contends the evidence demanded as a matter of law a finding that he had been entrapped. However, a distinction must be made between evidence which raises a defense of entrapment and evidence which would demand a finding of entrapment. See *State v. Royal*, 247 Ga. 309, 310, supra. "[A] defendant's testimony as to entrapment, even if unrebutted by any other witness to the alleged misconduct, will not entitle him to a directed verdict of acquittal unless that unrebutted testimony, together with all reasonable deductions and inferences therefrom, demands a finding that entrapment occurred." *State v. Royal*, supra at page 310.

In this case sub judice, defendant testified that a day prior to the drug transaction in question (January 26, 1983), Jackie Blackmon (the alleged confidential informant) came to his house and asked whether he and his stepbrother would be interested in helping him facilitate a sale of drugs. As defendant explained, Blackmon did not want the prospective buyers (the two female undercover agents) to know that he was the one selling the drugs or else they would want him to give (as a gift) the drugs to them and he would not make a profit. Thus, Blackmon proposed that he (Blackmon) bring the prospective buyers to defendant's house so that defendant and his stepbrother could make the sale for him. Defendant further testified that Blackmon told him that the prospective buyers were prostitutes from Atlanta and that after the drug sale had taken place, they would be back in town and stay with defendant and his stepbrother for a couple of days.

This unrebutted testimony together with all reasonable deductions and inferences therefrom, did not demand as a matter of law a finding that defendant had been entrapped. Defendant did not know at the time of the sale that the informant was an informant or that the female prospective buyers were GBI agents. Nor did the informer lead defendant to believe that by selling the marijuana, he was assisting the state. Therefore, the case of *Perry v. State*, 143 Ga. App. 227

(237 SE2d 705) cited by defendant in his brief is distinguishable.

Furthermore, the testimony of the GBI agents who witnessed the alleged sale provided evidence of defendant's predisposition to deal in drugs. So while it is true that there were some indications of entrapment in defendant's testimony, it merely raised the defense of entrapment and therefore, the trial court properly submitted the issue to the jury. See *Howell v. State*, 167 Ga. App. 294, 296 (3) (306 SE2d 378). In this regard, the evidence before the jury was sufficient to enable any rational trier of fact to reasonably find the defendant guilty beyond a reasonable doubt of violating the Georgia Controlled Substances Act. See generally, *Crawford v. State*, 245 Ga. 89, 90 (1) (263 SE2d 131).

4. Defendant next contends the trial court erred in failing to charge his written request as based on language found in *Perry v. State*, 143 Ga. App. 227, 228 (1), supra, which request was, "If an informer's testimony could disprove the defendant's testimony, the State should produce him." However, in light of the factual differences of the present case from *Perry v. State*, supra, and the ruling in the more recent case of *State v. Royal*, 247 Ga. 309, supra, the requested charge was not an accurate statement of the law. Therefore, the trial court properly refused to give this charge.

5. Defendant's remaining enumeration asserts as error the denial of his motion for continuance based on the absence of the alleged confidential informant, Jackie Blackmon. At trial, defendant showed only that Blackmon was absent, that he had been subpoenaed, and that his testimony was material (i.e. defendant stated that he expected Blackmon's testimony to show he had been entrapped). This showing by defendant fell short of meeting the requirements as set forth in OCGA § 17-8-25 (formerly Code Ann. § 81-1410), i.e., (1) the witness is absent; (2) he has been subpoenaed; (3) he does not reside more than 100 miles from the place of trial; (4) his testimony is material; (5) the absence is not with the permission, directly or indirectly, of the applicant; (6) his testimony is expected to be procured at the next term of court; (7) the application is not made for purposes of delay; and (8) the facts expected to be proved by the absent witness.

Moreover, a motion for continuance based on the absence of a witness is addressed to the sound discretion of the trial court and the refusal to grant a continuance will not be disturbed unless there is a clear abuse of discretion. *Alderman v. State*, 241 Ga. 496, 502 (2) (246 SE2d 642). No such abuse of discretion is found in this case.

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED MARCH 5, 1984.

*Albert C. Palmour, Jr.*, for appellant.
*David L. Lomenick, Jr.*, District Attorney, *David Whitman*, Assistant District Attorney, for appellee.