## 68694. MATHIS v. THE STATE.

BANKE, Presiding Judge.

Greg Mathis appeals the denial of his motion for new trial following his conviction of the burglary of a clothing store. *Held*:

1. In response to an objection by the state's attorney during appellant's opening statement, the trial court refused to permit a comment that a former boyfriend of a state's witness was presently in prison, stating that "what somebody's husband is doing, who may not be a witness in this case, is far beyond what will be admissible in evidence . . . You've told this jury that a witness that the State might call has a husband who's in prison. That has nothing to do with it." Although the trial court subsequently allowed appellant to elicit such evidence at trial, appellant contends that the court's remark constituted an impermissible comment on the evidence.

The statutory inhibition (OCGA § 17-8-55) against an expression or intimation of opinion by the trial court as to the facts of the case does not generally extend to colloquies between the judge and counsel regarding the admissibility of evidence. See *Pratt v. State*, 167 Ga. App. 819 (2) (307 SE2d 714) (1983); *Bradley v. State*, 137 Ga. App. 670 (8) (224 SE2d 778) (1976). Furthermore, "remarks of a judge assigning a reason for his ruling are neither an expression of opinion nor a comment on the evidence." *Johnson v. State*, 246 Ga. 126, 128 (269

SE2d 18) (1980). Under the circumstances of the instant case, the comments of the trial court did not constitute an improper expression or intimation of opinion.

2. Appellant also contends that the trial court erred in improperly restricting his right to make an opening statement. The trial court has the right and duty to govern the scope of argument by counsel both prior to and after the presentation of evidence. See generally *Roland v. State*, 161 Ga. App. 197 (3) (291 SE2d 41) (1982); *Pilcher v. State*, 91 Ga. App. 428 (1) (85 SE2d 618) (1955). The proper range of comment by counsel is a matter within the discretion of the trial court. *Sanders v. State*, 156 Ga. App. 44 (2) (274 SE2d 88) (1980). The trial court did not abuse its discretion in this case.

3. Appellant contends that the trial court erred in charging the jury as to recent possession of stolen property. A leather jacket obtained from appellant was identified as having been taken from the burglarized store, the only difference in appearance being that the labels were no longer affixed. Appellant did not object to the jacket's being admitted in evidence at trial but now contends that because the evidence does not indisputably establish that the jacket was the same property as that taken during the burglary, the court erred in giving the charge on recent possession. We find no merit in this contention and hold that the property was sufficiently identified to warrant a charge on recent possession pursuant to *Williamson v. State*, 248 Ga. 47 (281 SE2d 512) (1981).

*Judgment affirmed. Pope and Benham, JJ., concur.*

DECIDED JULY 12, 1984.

*Thomas M. Hackel*, for appellant.
*Harry D. Dixon, Jr., District Attorney, Richard E. Currie, Assistant District Attorney*, for appellee.