### 73020. PIERCE v. THE STATE.
(350 SE2d 781)

DEEN, Presiding Judge.

The appellant, Benny Pierce, was convicted of two counts of selling cocaine and one count of selling marijuana, for which he was sentenced to a total of 60 years' imprisonment and a total fine of $305,000. On appeal, he enumerates as error the admission into evidence of two custodial statements and the denial of his motion for directed verdict of acquittal based on his defense of entrapment.

Beginning in January 1985, a paid informant of the Georgia Bureau of Investigation (GBI) requested several times that the appellant assist him in arranging drug deals. On March 13, 1985, the informant and a GBI undercover agent went to the appellant's residence, where the appellant sold the agent approximately one pound of marijuana; on March 25, 1985, the informant and the GBI agent returned to the appellant's home, at which time the appellant sold the agent an ounce of cocaine and discussed the possible sale of a kilogram of the substance. Finally, on March 29, 1985, the appellant was arrested when the agent and the informant appeared at the appellant's home to purchase the kilogram of cocaine.

Following his arrest, the appellant was taken to another room in

his house and briefly interrogated. Three days later, the appellant was interrogated again. On both occasions he gave incriminating statements. *Held*:

1. The appellant contends that the trial court erred in admitting into evidence his two custodial statements, on the basis that there was no showing that he had waived his right to counsel. The interrogating officers testified that on both occasions they advised the appellant of his *Miranda* rights, and that at no time did he request the presence of counsel. The appellant had been struck on the head with a pistol during his arrest, several minutes before the initial, brief interrogation, and just prior to the second interrogation he had cut his finger on a cell door, but the interrogating officers observed that he apparently was coherent, alert, and aware of his rights on both occasions. The appellant, however, claims that his non-waiver of his right to counsel was demonstrated by three circumstances: (1) he remarked that he might contact a particular attorney about representing him, if the attorney's services were affordable; (2) he was dazed from the blow to his head at the time of the initial interrogation, and distressed by his cut finger at the second; and (3) he was illiterate.

It is axiomatic that factual and credibility determinations by the trial court as to the voluntary and intelligent waiver of a *Miranda* right will not be disturbed on appeal unless clearly erroneous. *Evans v. State*, 176 Ga. App. 818 (338 SE2d 48) (1985); *McCright v. State*, 176 Ga. App. 486 (336 SE2d 361) (1985). In the instant case, there certainly was evidence to support the trial court's ruling that the two statements were admissible.

2. The appellant also contends that he was entitled to a directed verdict of acquittal, based on his testimony of how the GBI-paid confidential informant, in part exploiting the appellant's dire need for money to pay for an operation, had badgered him into arranging a drug deal. Because the confidential informant was not called as a witness to rebut that testimony, the appellant claims that the evidence demanded a finding of entrapment.

Contrary to that contention, however, the appellant's testimony concerning his lack of predisposition hardly went uncontradicted. The testimony of the undercover agent to whom the appellant sold the marijuana and cocaine, and in particular the tape-recorded first meeting between the appellant and the agent, demonstrated that the appellant's knowledge of and experience in drug trafficking was not that of a rookie. Specifically, during those negotiations, he discussed prices and quality of the contraband and recent difficulty in obtaining it, and recalled other sales of contraband.

The appellant's testimony certainly raised the defense of entrapment, but it did not demand a finding of such. See *State v. Royal*, 247 Ga. 309 (275 SE2d 646) (1981); *Houston v. State*, 175 Ga. App. 811

(334 SE2d 907) (1985). We are mindful that "[t]o stimulate unlawful intentions, with the motive of bringing them to punishable maturity, is a dangerous practice . . . Humanity is weak; even strong men are sometimes unprepared to cope with temptation and resist encouragement to evil." *Williams v. State*, 55 Ga. 391, 396 (1875). In this case, the issue of whether the state impermissibly encouraged the appellant to evil was properly submitted to the jury, and the evidence authorized a rational trier of fact to find beyond a reasonable doubt that the appellant had not been entrapped.

*Judgment affirmed. Benham, J., concurs. Beasley, J., concurs specially.*

BEASLEY, Judge, concurring specially.

While I concur fully in all that is said with respect to Division 2, and I concur in the judgment, I do not fully concur with what is said in Division 1. The record reflects that the circumstances of the interrogations were far less ominous than described.

DECIDED OCTOBER 27, 1986 —
REHEARING DENIED NOVEMBER 17, 1986 

*Ronald M. Adams*, for appellant.
*Michael H. Crawford, District Attorney*, for appellee.