### 74789. GOOLSBY v. THE STATE.
(361 SE2d 684)

POPE, Judge.

Defendant Goolsby was employed as an Atlanta firefighter. He was the recipient of several citations for bravery and saving lives. Unfortunately for defendant, in September 1985 he ran into Paul Lester, an old acquaintance who was known by defendant to have a criminal record of convictions and arrests for selling drugs. What defendant did not know was that Lester was "working off" his sentences by serving as an informant for both the City of Atlanta and Clayton County police. From September through November, Lester called defendant between twenty and thirty times asking defendant to help him sell cocaine. Lester appealed to defendant's sympathy by claiming he needed to make money by selling drugs in order to pay for medical care for his mother who was dying of cancer. After repeatedly refusing Lester's requests, defendant finally agreed to cooperate.

On the afternoon of November 25, 1985, defendant met Lester and an undercover police officer, posing as a drug dealer, at the parking lot of a drive-in restaurant. The officer got into defendant's vehi-

cle and defendant sold him one-eighth ounce of a substance which later proved to be cocaine. According to the officer's testimony, after he had already returned to Lester's automobile defendant approached that vehicle and offered to sell the officer twenty tablets of Valium. He asked the officer if he was interested in purchasing a greater quantity and arranged a meeting later on that evening to consummate the deal. Later in the evening the officer and Lester met defendant at the fire station where he worked. Defendant sold the officer 100 additional tablets of Valium. According to the officer, defendant boasted about his own cocaine habit and claimed he had obtained a second mortgage on his house to support the habit. He also boasted about driving the fire engine while under the influence of Valium. Defendant then offered to sell the officer more cocaine. The following day the three men met and defendant sold the officer two additional ounces of cocaine. Defendant was arrested at this third meeting.

At trial the jury acquitted defendant of the first instance of selling cocaine on the ground of entrapment. However, he was found guilty on three counts of violating the Georgia Controlled Substances Act for selling Valium and for the second sale of cocaine. Defendant appeals the convictions claiming the trial court erred in failing to direct a verdict of acquittal on the ground defendant had established the defense of entrapment and the prosecution failed to disprove it.

Here, as in *Robinson v. State*, 145 Ga. App. 17 (243 SE2d 257) (1978), which resulted in acquittal, there was no evidence that the accused had been regularly engaged in the illegal sale of drugs. As in *Robinson*, defendant's testimony that he was induced to arrange the sale of contraband by persistent solicitation and undue persuasion of the informant was not rebutted and the informant did not testify. However, there exists no *"per se* rule that a defendant is entitled to a directed verdict where the informant is not called to rebut the defendant's testimony of entrapment. . . . [A] defendant's testimony as to entrapment, even if unrebutted by any other witness to the alleged misconduct, will not entitle him to a directed verdict of acquittal unless that unrebutted testimony, together with all reasonable deductions and inferences therefrom, demands a finding that entrapment occurred." *State v. Royal*, 247 Ga. 309, 310 (275 SE2d 646) (1981).

Here, the undercover officer testified all sales subsequent to the initial exchange of cocaine were initiated by the defendant himself and not by the informant. Defendant denies he initiated the additional sales and claims he was instructed by the informant to act as if he was conversant with drugs and could provide any amount or type of illegal drug to the undercover officer. Nevertheless, the officer's testimony "was sufficient to raise a jury question as to whether [defendant] was entrapped into the commission of the crime." *Armand v. State*, 164 Ga. App. 350, 352 (296 SE2d 734) (1982) (where, as in the

case at hand, there was evidence that after the initial sale of drugs, which had been arranged by the informant, the officer dealt directly with defendant in setting up the subsequent sale at which the arrest was made).

"This is one of those cases in which a question of fact was presented as to entrapment for determination by the jury. The evidence did not, however, *demand* a finding that defendant . . . was entrapped into the commission of a crime." *State v. Royal*, supra at 311-312. "In this case, the issue of whether the [S]tate impermissibly encouraged the [defendant] to evil was properly submitted to the jury, and the evidence authorized a rational trier of fact to find beyond a reasonable doubt that the [defendant] had not been entrapped." *Pierce v. State*, 180 Ga. App. 847, 849 (350 SE2d 781) (1986).

*Judgment affirmed. Birdsong, C. J., and Deen, P. J., concur.*

DECIDED SEPTEMBER 15, 1987 —
REHEARING DENIED SEPTEMBER 30, 1987 —

*John A. Nuckolls*, for appellant.

*Lewis R. Slaton, District Attorney, Benjamin H. Oehlert III, H. Allen Moye, Joyce M. Averils, Assistant District Attorneys*, for appellee.