A89A0145. BANKS v. THE STATE.
A89A0146. OGLETREE v. THE STATE.
(381 SE2d 548)

DEEN, Presiding Judge.

Appellants were indicted for armed robbery, kidnapping, and aggravated assault in three counts. They were found guilty of kidnapping and two counts of aggravated assault and sentenced to a total of five years' incarceration plus probation, and were assessed fines totaling $1,500 each. They were also required to enroll in a drug and alcohol program and to seek mental health treatment. On appeal they enumerate as error the trial court's refusal to grant a mistrial in re-

sponse to the prosecution's allegedly improper remarks, and also two allegedly erroneous jury instructions. *Held*:

1. The trial transcript reveals that defense attorneys made no objection during the prosecutor's closing argument, during which the allegedly improper "birds of a feather" remark was made, nor did he subsequently request curative instructions. Such conduct would ordinarily amount to a waiver. *Tolbert v. State*, 180 Ga. App. 703, 704 (350 SE2d 51) (1986). Moreover, it is well settled that in closing argument the prosecutor has considerable latitude as to what inferences may be drawn from the evidence and as to the language he may use in expressing his thoughts, however vivid or overblown it may sometimes be. *Callahan v. State*, 179 Ga. App. 556 (347 SE2d 269) (1986). Although in the instant case the challenged remarks come perilously close to being improper (see *Hall v. State*, 180 Ga. App. 881, 884 (350 SE2d 801) (1986); *Aldridge v. State*, 125 Ga. App. 691 (188 SE2d 835) (1972)), we find no error here.

2. Scrutiny of the record indicates that the trial court took pains to instruct the jury regarding the necessity of considering the evidence of each separate count against each defendant separately and of "arriv[ing] at . . . a verdict as to each of the defendants on all five of the counts." Moreover, the verdict itself indicates that the jurors gave separate consideration to each count lodged against each defendant; i.e., one defendant received a directed verdict of acquittal on one count, and the jury acquitted the other on one count. We find no merit in this enumeration.

3. A careful reading of the jury charge in its entirety reveals that, as the State concedes, the trial court did indeed make the alleged slip of the tongue when, late in the charge, he alluded again to the "reasonable doubt" on which, together with correct instructions on presumption of innocence and burden of proof, he had previously given the jury full and accurate instructions. Although it is always unfortunate, and a cause for concern, when such a *lapsus linguae* occurs, it is difficult to believe, in the context of the charge as a whole and in the face of the ample evidence presented, that this verbal slip — so slight that neither the defense nor the prosecution caught it at the time — contributed to the convictions. See *Johnson v. State*, 238 Ga. 59 (230 SE2d 869) (1976). We find this enumeration devoid of merit.

*Judgments affirmed. Birdsong, J., concurs. Benham, J., concurs specially.*

BENHAM, Judge, concurring specially.

Appellants' initial enumeration of error is that the trial court erred in failing, sua sponte, to declare a mistrial based upon the assistant district attorney's closing argument in which he purportedly put appellants' character into issue. See OCGA § 24-9-20 (b). In his argu-

ment, the assistant D.A. alluded to the fact that one of the victims sold cocaine and dealt in marijuana (the victim had been impeached with his convictions for possession with intent to distribute cocaine and marijuana) and noted that one of the victims was "not the finest of individuals" (that victim had earlier been impeached with his conviction for aggravated assault). The assistant D.A. then commented that "birds of a feather flock together." Appellants, however, did not object to the closing argument until after the jury was charged.

I agree with the majority that appellants' failure to make a timely motion for mistrial precludes our review of appellants' enumerated error. See *Chafin v. State*, 246 Ga. 709 (11) (273 SE2d 147) (1980); *Bennett v. State*, 165 Ga. App. 600 (3) (302 SE2d 367) (1983). However, I am unwilling to condone the assistant district attorney's remarks as "vivid or overblown inference[s]." The remarks, implying that from the company they kept appellants were not the finest of individuals and might have been involved with drugs, had no place in a closing argument.

DECIDED APRIL 4, 1989 —
REHEARING DENIED APRIL 17, 1989 — 

*Fennessy, Skipper & Nettum, Richard E. Nettum*, for appellants.

*John R. Parks, District Attorney, R. Rucker Smith, Assistant District Attorney*, for appellee.