A91A1609. ORDONEZ v. THE STATE.
(415 SE2d 179)

CARLEY, Presiding Judge.

After a jury trial, appellant was acquitted of three drug violations which were alleged to have occurred on April 5, 9 and 18, 1990. However, appellant was found guilty of three drug violations which were alleged to have occurred on the *subsequent* dates of April 20 and 26 and May 4, 1990. He appeals from the judgments of conviction and sentences entered by the trial court on the jury's guilty verdicts.

Both of appellant's enumerations of error relate to his entrapment defense. The trial court's refusal to give the following requested instruction is enumerated as error: "[T]he critical time to focus upon the issue of entrapment is at the time the informer first contacted the defendant to propose an illegal drug transaction and *not* at the time of the criminal offense. If after considering all of the evidence or lack

of evidence in this case, you have a reasonable doubt that the defendant was not predisposed, that is, ready and willing to enter into an illegal drug transaction as charged in the indictment, at the time the informer first contacted the defendant, then it would be your duty to return a verdict of not guilty." (Emphasis in original.) After being instructed and having begun its deliberations, the jury asked the trial court the following question: "Please clarify if each offense is separate of the other or is it possible that entrapment could be involved in one but not the others." The trial court's refusal to respond to this question by instructing the jury that appellant was either entrapped on all six offenses or not at all is enumerated as error. Since these two enumerations of error are interrelated, they will be considered together.

A defendant's commission of subsequent criminal acts does not necessarily demonstrate his predisposition to have committed previous criminal acts. "If the 'creative activity,' [cit.], of the law-enforcement official generates criminal acts that are 'not independent acts subsequent to the inducement but part of a course of conduct which was the product of the inducement,' [cit.], those [subsequent] criminal acts cannot be used to show predisposition." *Hill v. State*, 261 Ga. 377 (405 SE2d 258) (1991). See also *Sherman v. United States*, 356 U. S. 369, 374 (78 SC 819, 2 LE2d 848) (1958). However, it certainly does not follow that a defendant's non-predisposition to have committed previous criminal acts will necessarily insulate him from guilt for his commission of subsequent criminal acts. According to the weight of authority, "once an entrapment is established, subsequent acts which are part of the same course of conduct are [not] necessarily the products of the entrapment." *People v. Washington*, 506 NE2d 1387, 1390 (Ill. App. 2 Dist. 1987). See also *United States v. Khubani*, 791 F2d 260 (2d Cir. 1986); *United States v. North*, 746 F2d 627 (9th Cir. 1984); *United States v. Wells*, 506 F2d 924 (5th Cir. 1975). "In each of those cases, the jury asked the trial court essentially the same question the jury asked here and . . . was permitted to consider each count separately. Each of the reviewing courts affirmed the defendants' convictions for subsequent criminal conduct, concluding that whether or not an initial entrapment continues through a series of criminal transactions is a question of fact for the jury to determine. [Cits.]" *People v. Washington*, supra at 1390.

It may well be true that, " '[n]ormally, predisposition refers to the state of mind of a defendant [immediately] before government agents make any suggestion that he should commit a crime.' " (Emphasis supplied.) *United States v. North*, supra at 630. See also *United States v. Lasuita*, 752 F2d 249 (6th Cir. 1985). Nevertheless, "[w]e do not think that, if [appellant] was not initially disposed to [deal] drugs, he could not, as a matter of law, develop such a disposi-

tion during the later course of dealing. He might well have found such dealing so profitable and easy that he thereafter willingly continued it, regardless of [the] original inducement. . . . The initial entrapment, assuming it existed, [would] not immunize [appellant] from criminal liability for subsequent transactions that he readily and willingly undertook." *United States v. North*, supra at 630. See also *United States v. Khubani*, supra at 264.

"We . . . find no . . . compelling circumstances here which would have required the trial court to conclude that [the] actions [of the State's informant] had, as a matter of law, induced [appellant] to follow a course of criminal conduct [throughout all six transactions] rather than to commit [only the first three] criminal act[s]." *People v. Washington*, supra at 1390. Although appellant testified to the contrary, the State's informant and the undercover officer both testified that, after the first two transactions, which had been arranged by the State's informant, the undercover officer had dealt directly with appellant in setting up the subsequent transactions. Moreover, the undercover officer indicated that, at least as soon as the fourth transaction, it had been appellant who would initiate the contact between them. See *Goolsby v. State*, 184 Ga. App. 390, 391-392 (361 SE2d 684) (1987). Compare the dissenting opinion of Judge Pope in *Emanuel v. State*, 195 Ga. App. 302, 305-306 (393 SE2d 74) (1990), which was adopted as the opinion of the Georgia Supreme Court in *Emanuel v. State*, 260 Ga. 425 (396 SE2d 225) (1990).

Accordingly, we find no error in the trial court's refusal, either before or during the jury's deliberations, to give instructions in accordance with appellant's requests.

*Judgments affirmed. Judge Arnold Shulman concurs. Beasley, J., concurs specially.*

BEASLEY, Judge, concurring specially.

I concur fully that the first enumeration of error is without merit, for the requested instruction was not a correct statement of the law and was properly rejected by the trial court.

I concur in the ruling on the second enumeration because that is the prevailing law at the present time. However, when a jury asks for a clarification of the law, it ought to be given. A jury hears the charge only once. It is comprised of a whole series of interconnected legal principles, some of which are totally unfamiliar to the lay jurors. The law of entrapment is a difficult area, as evidenced by the differences of opinion as to its meaning and application expressed in judicial decisions.

In this case defendant was charged with six similar drug offenses which occurred within a month. They all arose out of his effort to get a Pac-Tel phone for his employer. The court instructed the jury on

entrapment, couching the instruction in the singular as though it applied separately to each of the separate acts independent of each other. The court spoke of "a crime . . . the crime . . . the act . . . the criminal offense." Although the jury was dealing with six alleged acts, there was no instruction to convey that there could be any relationship among the six acts with respect to entrapment or predisposition or inducement. They were not told that the legal principle in such cases is that initial entrapment *could* continue through a series of criminal transactions, which is a question of fact for it to determine. See *People v. Washington*, 506 NE2d 1387, 1390 (Ill. App. 2 Dist. 1987).

As stated by the United States Supreme Court in *Sherman v. United States*, 356 U. S. 369 (78 SC 819, 2 LE2d 848) (1958), in concluding that the defense of entrapment was established as a matter of law by a defendant convicted of three narcotics sales: "It makes no difference that the sales for which petitioner was convicted occurred after a series of sales. They were not independent acts subsequent to the inducement but part of a course of conduct which was the product of the inducement." Id. at 374.

Here, the jury apparently found predisposition for the later acts, of which defendant was found culpable, unrelated to the unlawful inducement which rendered him not culpable of the earlier acts. We must assume the jury considered that the "creative activity" of idea origination and inducement (*Sherman*, supra at 372) ended and predisposition arose after the third violation.

DECIDED JANUARY 17, 1992 —
RECONSIDERATION DENIED JANUARY 30, 1992 —

*Steven H. Sadow*, for appellant.
*Thomas C. Lawler III, District Attorney, Pamela D. South, Assistant District Attorney*, for appellee.

