### A92A2114. MILLER v. THE STATE.
(427 SE2d 570)

CARLEY, Presiding Judge.

After a jury trial, appellant was found guilty of possession of marijuana with intent to distribute. He appeals from the judgment of conviction and sentence entered by the trial court on the jury's guilty verdict.

1. Appellant moved for a directed verdict based upon his entrapment defense. The denial of this motion is enumerated as error.

"There is some question whether appellant's evidence, standing alone, was sufficient to raise the issue of whether he was entrapped. In any event, when *all* of the evidence is considered, a finding that appellant was entrapped was certainly not demanded. [Cit.]" (Emphasis in original.) *Venable v. State,* 203 Ga. App. 517, 518 (3) (417 SE2d 347) (1992). Compare *Hill v. State,* 261 Ga. 377 (405 SE2d 258) (1991). This is so because "appellant's testimony concerning his lack of predisposition hardly went uncontradicted. The testimony of the undercover agent [from] whom the appellant [purchased] the marijuana . . ., and [especially two] tape-recorded [conversations] between the appellant and the [informant], demonstrated that the appellant's

knowledge of and experience in drug trafficking was not that of a rookie. Specifically, during those negotiations, he discussed prices . . . of . . . contraband . . ., and recalled *[numerous] other sales of contraband* [and the *manufacture of marijuana]*." (Emphasis supplied.) *Pierce v. State*, 180 Ga. App. 847, 848 (2) (350 SE2d 781) (1986). Compare *Emanuel v. State*, 260 Ga. 425 (396 SE2d 225) (1990).

Appellant denied the truth of his tape-recorded statements, asserting that he had made them out of his fear of the informant on the one hand and a desire to impress the informant with his experience on the other. Nevertheless, "[t]he jury is the arbiter not only of the credibility of the witnesses ([cit.]) but also of the effect and weight of the evidence, [cit.]. . . . The jury was free to accept or reject either [the tape-recorded evidence of appellant's predisposition] or [appellant's courtroom explanation thereof]." *Pennyman v. State*, 175 Ga. App. 405, 407 (1a) (333 SE2d 659) (1985). It follows that appellant's motion for a directed verdict was correctly denied.

2. Appellant enumerates as error the admission into evidence of his conversation with the informant, which had been secretly recorded while they waited for the undercover agent to arrive. He contends that the tape-recorded conversation was irrelevant and inadmissible to prove his predisposition.

"A defendant's commission of *subsequent criminal acts* does not necessarily demonstrate his predisposition to have committed *previous criminal acts*. 'If the "creative activity," (cit.), of the law-enforcement official generates *criminal acts* that are "not independent acts subsequent to the inducement but part of a course of conduct which was the *product of the inducement*," (cit.), those *(subsequent) criminal acts* cannot be used to show predisposition.' [Cits.]" (Emphasis supplied.) *Ordonez v. State*, 202 Ga. App. 623, 624 (415 SE2d 179) (1992). The tape recording contains only *statements* which were made by appellant *prior to* his actual commission of any criminal act. Such statements do not themselves constitute criminal acts. Clearly, appellant's statements, made immediately prior to his admitted commission of a criminal act, were admissible as probative of his predisposition to commit that act. See *Watts v. State*, 239 Ga. 725, 729 (3) (238 SE2d 894) (1977). As noted in Division 1, it was for the jury to determine the credibility and weight to be given to appellant's statements. Accordingly, this enumeration is without merit.

*Judgment affirmed. Pope, C. J., and Johnson, J., concur.*

DECIDED JANUARY 29, 1993.

*James W. Smith, James W. Gibert,* for appellant.
*Harry N. Gordon, District Attorney, Richard J. Weaver, Assis-*

*tant District Attorney*, for appellee.

